EUGENE EDKINS, an Infant, by THOMAS H. EDKINS, His Guardian ad Litem, et al., Appellants, *v.* BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent, Impleaded with Others.

506

Argued October 20, 1941; decided March 5, 1942.

*Francis P. Heffernan* and *Solomon R. Agar* for appellants. There was sufficient evidence to warrant a finding by the jury that the board of education was negligent in failing to provide the infant plaintiff with an apron, coverall or other protective clothing, and for such dereliction of duty the board is directly liable by statute. (Cons. Laws, ch. 16; § 868, subd. 4; *Matter of Sherrill* v. *O'Brien*, 188 N. Y. 185, *Anglo American Prov. Co.* v. *Davis Prov. Co.*, 169 N. Y. 506; *Doyle* v. *Troy*, 138 App. Div. 650; 202 N. Y. 625; *Bradley* v. *Huber*, 146 App. Div. 630; 210 N. Y. 627; *People ex rel. Commrs.* v. *Oneida*, 170 N. Y. 105; *Matter of Thomas*, 216 N. Y. 426; *O'Brien* v. *East River Bridge Co.*, 161 N. Y. 539; *Lessin* v. *Board of Education*, 247 N. Y. 503; *Herman* v. *Board of Education*, 234 N. Y. 196; *Wahrman* v. *Board of Education*, 187 N. Y. 331; *Gardner* v. *State of New York*, 281 N. Y. 212; *Miele* v. *Rosenblatt*, 164 App. Div. 604; 221 N. Y. 567.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair* and *William T. Maday* of counsel), for respondent. Negligence on the part of the board in furnishing proper equipment was not shown, for it was conceded that the machine itself was equipped with all proper and reasonable safety devices. Safe clothing is not within the category of equipment which it was the duty of the board to provide. (*Lessin* v. *Board of Education*, 247 N. Y. 503; *Graff* v. *Board of Education*, 283 N. Y. 574; *Bullock* v. *Cooley*, 225 N. Y. 566.)

CONWAY, J. Appeal by plaintiffs-appellants from a resettled order of reversal of the Appellate Division, second department, whereby a judgment entered upon a verdict of a jury in the Supreme Court, Richmond county, in favor of Thomas H. Edkins, the individual plaintiff, and in favor of the infant plaintiff, was unanimously reversed on the law and the complaint dismissed on the law. The appeal is also from the amended judgment of reversal of the Appellate Division, whereby that court unanimously reversed the judgment of the Supreme Court on the law and dismissed the complaint on the law.

The action was brought by the infant plaintiff to recover for personal injuries and by his father for loss of services. The sole question is whether there is *any* evidence that the board of education of the city of New York was guilty of negligence. The accident occurred in the machine shop classroom of the McKee Vocational High School. The infant plaintiff, a boy of fifteen, was assigned to work at a power driven lathe during the morning on which the accident occurred. He was wearing a light slipover sweater. He testified that as he was operating the machine, he "reached down to get a tool, and * * *, as I [he] was coming up, my sweater got caught in the lead screw and started pulling me in, and it pulled me in against the machine; so I grabbed the sweater to hold myself back, and I couldn't reach the button — it was too far away." He reached for the button to stop the machine. In attempting further to protect himself as he was being pulled against the machine, his right thumb was amputated.

It was conceded at the trial that no aprons, coveralls or tight fitting garments of any type were supplied by the defendant board for use by the students in the machine shop.

Opinion testimony was submitted by plaintiffs through an instructor and lecturer for forty-six years at the Technical Institute in New York city to the effect that a general and accepted custom existed in schools in that city whereby students operating machines such as the one involved here

were protected by "either an apron of a strong denim material, which is placed on the body with a loop over the neck, and strings tied in the back, so that any moving part touching it has no place to grip; or, may be in the form of coveralls, which is a form of overalls reaching like a union suit, over the entire body." As to this testimony, the Corporation Counsel very frankly states in his brief: "A fairly general practice of wearing aprons was, we concede, established."

It is clear from this record that the school authorities recognized the danger to the students if, in the operation of the machines, the student-operator wore loose clothing of any kind. Testimony was offered by the board as to a warning contained in a lecture in which the students were advised to "wear a suitable working uniform, preferably overalls and jumper, with jumper inside overalls" and that "loose clothing, * * *, is quickly caught in running gears and thereby may draw in and crush the fingers, the hand or the arm, or cause injury to the body. Running gears are among the most dangerous of mechanisms." The teacher of the machine shop course admitted that some of the boys in the shop wore aprons, "those who could afford to buy an apron;" that those aprons were purchased in the school; that the sewing class made aprons "as a project" and sold them for twenty-five cents — apparently the cost of the material.

Was there imposed upon the defendant board any obligation to furnish aprons, coveralls or other similar protective clothing to students in connection with machine shop work similar to that in which plaintiff was engaged?

An examination and comparison of Education Law (Cons. Laws, ch. 16), section 868, subdivision 4, and Labor Law (Cons. Laws, ch. 31) section 256, may be helpful in reaching a conclusion. Section 868 is as follows:

"Powers and duties of board of education: Subject to the provisions of this chapter, the board of education in a city shall have the power and it shall be its duty * * *

"4. To purchase and furnish such apparatus, maps,

globes, books, furniture and other equipment and supplies as may be necessary for the proper and efficient management of the schools and other educational * * * activities and interests under its management and control."

Labor Law, section 256, is as follows:

" Guarding of machinery.

" 1. In every factory all machinery * * * shall be properly guarded * * *. Whenever necessary for the safety of employees, special clothing or guards to be worn upon the person shall be provided and used. * * *."

Shop work with the use of machinery by students in a vocational school is quite evidently an educational activity and interest under the management and control of the defendant board. It is the statutory duty of the board to furnish such equipment as may be necessary for the *proper* and *efficient* management of its activities and interests. Where concededly a general and accepted custom in schools indicates the propriety if not necessity of the wearing of an apron or coverall by a student working at a Hendey machine, certainly a jury could well find that failure of the board to furnish such equipment was some evidence of its failure to live up to its statutory duty. We think that the word " equipment " in the statute includes not only books and pencils but protective clothing for child students similar to that necessarily furnished by employers to men performing the same machine shop operations in industry. We must bear in mind that acquiring the knowledge necessary to become familiar with the machines and tools of a trade exposes infant students to dangers to which those taking the non-vocational courses are not subject and at the ages when inattention is the rule rather than the exception. It seems clear that the Legislature did not intend that *children* in schools should be subjected to the danger of serious injury because of lack of equipment which it was requiring employers to furnish to *men*. (*Herman* v. *Board of Education*, 234 N. Y. 196; *Lessin* v. *Board of Education*, 247 N. Y. 503, 511, 512; *Bradley* v. *Board of Education*, 274 N. Y. 473; *Wahrman* v. *Board of Education*, 187 N. Y. 331; *Gardner* v. *State of New York*, 281 N. Y. 212.)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH, RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J., dissents on the ground that a protective apron is not " equipment " within the meaning of the statute.

Judgment accordingly.