178 So.2d 2 (1965)
KING KOLE, INC., a Florida corporation, Palmland Fashions, Inc., a Florida corporation, Alix of Miami, Inc., a Florida corporation, Appellants,
v.
Farris BRYANT, Governor of Florida, Tom Adams, Secretary of State, Ray E. Green, Comptroller, Richard W. Ervin, Attorney General, J. Edwin Larson, Treasurer, Thomas D. Bailey, Superintendent of Public Instruction, and Doyle E. Conner, Commissioner of Agriculture, as and Constituting the State Revenue Commission, and J. Ed Straughn, as Director of the State Revenue Commission, Appellees.
No. 33655.
Supreme Court of Florida.
June 30, 1965.
Rehearing Denied September 13, 1965.
*3 David Emanuel, of Forrest & Emanuel, Miami, for appellants.
Earl Faircloth, Atty. Gen., Sam Spector and Ira Weinstein, Asst. Attys. Gen., for appellees.
John R. Barrett, Jack R. Rice, Jr., and Charles K. Allan, Miami, amici curiae.
THORNAL, Justice.
We have for review by direct appeal a decree of a circuit judge upholding the validity of Ch. 63-527, Laws of Florida, 1963 (Sections 212.50-212.58, Florida Statutes, 1963, F.S.A.).
We must decide whether the title of the Act is sufficient to support a provision taxing "bathing and swimming suits" and if it is, whether the Act illegally discriminates against the appellants.
The appellants are manufacturers of sportswear including swimming and bathing suits. By Chapter 63-527, supra, the Legislature imposed a privilege tax on the manufacturers of certain recreational equipment, including bathing and swimming suits. The tax was fixed at the rate of 5% of the wholesale selling price of each item. Appellants sought a chancery decree adjudicating the invalidity of the statute as to the tax on swimming and bathing suits. The chancellor upheld the statute but excluded from its scope garments which are purely decorative. He held the tax collectible on sales of "purely utilitarian" as well as "decorative and utilitarian" bathing suits. Appellants seek reversal of the decree which held the statute valid as to "bathing and swimming suits" generally.
The principal thrust of the assault is two-fold. The appellants claim that: (1) the title is inadequate to meet the requirements of Article III, Section 16, Florida Constitution, F.S.A., and, (2) the Act discriminates against bathing suit manufacturers in favor of manufacturers of other types of recreational apparel.
The title to Chapter 63-527, supra reads in part: "An Act relating to certain fishing, hunting, camping, swimming and diving equipment; levying a tax upon certain sales, uses and storage thereof; * * *." (Emphasis added.)
Section 3(3) of the Act defines swimming equipment as "including * * * bathing and swimming suits * * *." The same section provides, however, that "articles of clothing or apparel other than bathing, swimming, or diving suits, shall not be included within this definition."
Article III, Section 16, Florida Constitution, provides in part:
"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title, * * *."
The appellants contend that the title reference to "swimming and diving equipment" is not sufficiently definitive to warn that bathing and swimming suits will be covered by the taxing provisions of the body of the Act.
Over the years certain guide-lines have evolved for testing the sufficiency of titles against the standard prescribed *4 by Article III, Section 16, supra. The primary purpose of the requirements is to prevent "hodge-poge or log-rolling" legislation. Its object is to avoid surprise or fraud by fairly apprising the Legislature and the public of the subject of the legislation being enacted. State ex rel. Parrish v. Lee, 156 Fla. 578, 23 So.2d 731; State v. Florida State Turnpike Authority, Fla., 80 So.2d 337. The Legislature is allowed a wide latitude in the enactment of laws, and the courts will strike down a title only when there is a plain case of violating or ignoring the constitutional requirement. Wright v. Board of Public Instruction, Fla., 48 So.2d 912; Hillsborough County v. Price, Fla.App., 149 So.2d 912. The title is sufficient if it fairly gives such notice as will reasonably lead to inquiry into the body thereof. Florida Power Corp. v. Pinellas Utility Board, Fla., 40 So.2d 350; McCord v. Smith, Fla., 43 So.2d 704. The title need not be an index to the contents. It is not necessary that it delineate in detail the substance of the statute. McCord v. Smith, supra; Kirkland v. Phillips, Fla., 106 So.2d 909.
Recurring to the subject statute, we think the title was sufficiently within the guide-lines above stated. It referred to "swimming and diving equipment." The question is  would this reasonably suggest an inquiry by a manufacturer of swimming and bathing suits?
There is no precedent directly on the point. However, the precedents available do hold that statutory references to "equipment" are broad enough to comprehend such items as apparel, shoes, protective clothing and uniforms. Edkins v. Board of Education of the City of New York, 287 N.Y. 505, 41 N.E.2d 75; Choctaw, O. & G.R. Co. v. Zwirtz, 13 Okla. 411, 73 P. 941; Palmer v. Great Northern Ry. Co. 119 Mont. 68, 170 P.2d 768; Steinfeld v. Jefferson County Fiscal Court, 312 Ky. 614, 229 S.W.2d 319.
Furthermore, in this instance, it is quite clear that the Legislature squarely considered the applicability of Chapter 63-527, supra, to swimming and bathing suits. When the bill was pending before the House of Representatives a motion was made to amend it by striking from Section 3(3), supra, the words "bathing and swimming suits". The House rejected the proposal, thereby revealing that this particular item was specifically considered in detail. See, 1963 Journal of the House of Representatives, p. 2685.
We therefore reject the appellants' claim that the title of the Act is fatally defective.
It is next contended that when the Legislature taxed swimming and bathing suits, and exempted other articles of clothing and apparel, it created an unconstitutional discrimination within a class of like commodities. Hence, it is urged that the tax on swimming and bathing suits must fall.
We lay aside any extended discussion of the state's power to select the subjects of excise taxation. It is sufficient to note that the power to classify for purposes of excise taxation is of wide range and flexibility. Once exercised it will not be disturbed unless the result is plainly unequal, arbitrary or discriminatory. Gray v. Central Florida Lumber Co., 104 Fla. 446, 140 So. 320, 141 So. 604; Shad v. De Witt, 158 Fla. 27, 27 So.2d 517; Gasson v. Gay, Fla., 49 So.2d 525, 21 A.L.R.2d 412.
However, even if the exemption of other apparel did create an illegal discrimination, it would not relieve the appellants of the tax. We are not here holding that the clothing and apparel exemption is unconstitutional. We are simply holding that if it were, the result would be to strike the offending language and leave the remainder of the Act intact  including the tax on swimming suits.
Chapter 63-527, supra, contains an extremely broad severability clause. In addition, *5 Section 1(6) of the Act reads as follows:
"(6) It is the intention of the legislature that if any express exemption herein is construed as causing the tax herein imposed to be discriminatory, every such sale, use, and storage exempted shall be subject to said tax, it being the intent of the legislature to enact no unconstitutional or discriminatory exemptions."
The legislative intent has been made quite clear by the last-quoted provision. The result simply is, that were we to hold that the clothing-apparel exemption creates a discrimination, then the exemption would fail, and the otherwise exempted commodity would become subject to the tax. Because of this provision, therefore, it would avail nothing to the appellants for us to explore the constitutionality of the assaulted provision. Regardless of the conclusion on that point, the appellants' swimming and bathing suits would remain taxable. The Legislature itself safeguarded the statute against this particular type of attack. School Dist. of Township of Mill Creek v. Star Theatre, Inc., 172 Pa.Super. 291, 94 A.2d 53.
Finally, we do not find that the chancellor committed error in holding that a swimming suit is taxable even though it is decorative in addition to being useful.
Finding no error, the decree is affirmed.
It is so ordered.
THOMAS, ROBERTS and HOBSON (Retired), JJ., concur.
DREW, C.J., and O'CONNELL and CALDWELL, JJ., dissent.