371 So.2d 186 (1979)
CITY OF HALLANDALE, a Municipal Corporation of Florida, and Charles Deyo, Jr., Building Official for the City of Hallandale, Appellants,
v.
STATE of Florida ex rel. Stefan H. Zachar and Dorothy Lape Zachar, His Wife, Appellees.
No. 77-849.
District Court of Appeal of Florida, Fourth District.
May 16, 1979.
Rehearing Denied June 13, 1979.
*187 Robert S. Miller, Hallandale, for appellants.
Fred J. Ward, Hallandale, for appellees.
DOWNEY, Chief Judge.
Appellants, City of Hallandale and Charles Deyo, Jr., the City Building Official, seek review of a final judgment holding certain municipal ordinances to be invalid and directing the issuance of a peremptory writ of mandamus commanding appellants to forthwith process the plans and specifications filed by appellees for the issuance of a building permit.
Appellees are the owners of certain improved commercial property in the City of Hallandale. They desired to construct an addition to said improvements but their application for a permit was declined because a City Zoning Official advised appellees they were required to submit their plans to an "Impact Review Board" pursuant to Ordinance 993 as amended. Appellees refused to submit their application to the Impact Review Board, and instead filed a petition for writ of mandamus attacking the ordinances in question on grounds of statutory and constitutional invalidity. The trial court heard some brief testimony and ultimately entered the peremptory writ directing the appellants to process appellees' application.
Appellants raise two points on appeal which warrant discussion:
a) The trial court erred in finding the city ordinances in question were invalid for failure to comply with Chapter 166 of the Florida Statutes when they were enacted.
b) The trial court erred in ruling that the ordinances of the City of Hallandale were unconstitutional because they did not contain reasonable standards or guidelines and are vague, indefinite and uncertain.
*188 In support of the trial court's findings appellees submit that the ordinances in question were invalid because they violate the provisions of Section 166.041, Florida Statutes (1973). Specifically, appellees contend that 1) the titles of the ordinances in question are defective because they do not contain the subject matter of the ordinance, and 2) the amendatory ordinances are deficient because they do not republish at length the section or subsection of the ordinance which is being amended.
Section 166.041, Florida Statutes (1973), in pertinent part, provides:
"166.041. Procedures for adoption of ordinances and resolutions
.....
"(2) Each ordinance or resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith. The subject shall be clearly stated in the title. No ordinance shall be revised or amended by reference to its title only. Ordinances to revise or amend shall set out in full the revised or amended act or section or subsection or paragraph of a section or subsection."
Subsection 2, which specifies procedural requirements for the enactment of municipal ordinances, actually embodies Article III, § 16, of the Florida Constitution as it pertains to state statutes. Thus, most of the cases which interpret the foregoing language are cases involving the application of Article III, Section 16, to a state statute. In Lipe v. City of Miami, 141 So.2d 738 (Fla. 1962), the Supreme Court stated the rule to be:
"[W]hen the new act as amended is a revision of the entire original act or is an amendment of a section, sections, subsection of a section or paragraph of a subsection of a section, that the new act, section, subsection of a section, or paragraph of a subsection of a section, as the case may be, shall be set forth at length, so that the provisions as amended may be seen and understood in their entirety by the Legislature." at 741 742.
Lipe was followed by Auto Owners Insurance Company v. Hillsborough County Aviation Authority, 153 So.2d 722 (Fla. 1963), wherein the Supreme Court said:
"We have also held that the constitutional provision was designed to inform both the legislature and the public of the nature and extent of proposed changes in existing laws. For this reason it is required that when a specific section or subsection is being amended it should be republished with the proposed amendment so that an examination of the act itself will reflect the changes contemplated, as well as their impact on the amended statute." at 725. (Emphasis supplied.)
Subsequently, the Supreme Court again treated this question and adopted the wording of the trial judge in Jackson v. Consolidated Government of the City of Jacksonville, 225 So.2d 497 (Fla. 1969):
"`The two cases [Lipe and Auto Owners] do not say how much "reference" is required to the original statute for a violation of Article III, § 16 to exist. The explicit terms of the constitutional provision contemplate that in a proper case reenactment of a single paragraph of a sub-section is sufficient. Speaking literally, no paragraph, section or group of sections has meaning without some reference to the act which is being amended. If the constitutional provision were construed to require republication whenever any reference is required it would be unworkable. Every act would have to be restated in its entirety for an amendment to be effective. Needless to say, this is not necessary. The draftsman of an act may assume that members of the Legislature are acquainted with the general purpose of the original act, with its over-all framework, with the manner in which the section fits into that framework, and with the meaning of any defined terms in the legislation.
`The facts in Lipe and Auto Owners demonstrate what is meant by "reference" and provide a guide for deciding when more than the actual amended language *189 must be republished to comply with the constitutional mandate. In both of those cases the effect of the amended section itself could not be understood without reference to the original act. Under the circumstances, I conclude that when a section, sub-section or paragraph is amended enough of the act being amended must be republished to make the meaning of the provision published intelligible from its language and to insure that no unexpected meaning results from the combination of that language and other language in the Act.'" at 507-508.
So it seems clear the amendatory ordinance is sufficient if it is complete and intelligible in itself without the necessity of referring to the books to relate it to the amended ordinance in order to ascertain the meaning of the amendment. Auto Owners, etc., supra. From our study of the record, we are satisfied that the three mandatory ordinances involved herein, 1013, 1019 and 1066, meet that test.
Further, we find no fault with the titles to those ordinances, including Ordinance No. 993, the basic ordinance. The title of an act meets constitutional muster "if it fairly gives such notice as will reasonably lead to inquiry into the body thereof." King Kole, Inc. v. Bryant, 178 So.2d 2 (Fla. 1965); Webster v. North Orange Memorial Hospital District, 187 So.2d 37 (Fla. 1966). The title need not be an index to the contents. It is not necessary that it delineate in detail the substance of the statute. King Kole, Inc., supra. Our review of the ordinances in question satisfies us there was no violation of the statutory requirements of Section 166.041(2), Florida Statutes (1973).
The thrust of appellees' second argument is that the ordinance in question, i.e., 993, as amended, is constitutionally defective because it lacks reasonable standards and guidelines and is vague, indefinite and uncertain.
Without question the requirements of the Impact Review Ordinance (993) are onerous requiring a great deal of information to be furnished by the developer. It may also be that some of the provisions may be unreasonable and others indefinite and subject to invalidation by the court. Some examples are:
"(8)(c) Development Experience  The developer shall submit information pertaining to his personal experience in real estate development to include all corporations now or formerly in existence in which the developer exercised substantial control. No developer shall be considered qualified unless he has had past successful experience in real estate development in projects involving housing construction comparable to that proposed for any one year of the development schedule, or can verify an existing relationship through a contract, partnership, joint venture, or other form of real estate syndication with a person or firm possessing such qualifications.
"(d) Financial Capability  The developer shall submit evidence of his present financial position to include existing or proposed credit sources for land acquisition, construction, and permanent financing. No developer shall be approved unless it can be shown that he possesses or has the ability to acquire sufficient funds for the development of the site."
"(13)
* * * * * *
"The names of all property owners (from the most recent tax list) within a reasonable distance of the development site shall be shown on the map or attached thereto."
If Section (8)(c) precludes anyone from developing property unless he has past experience we have serious questions as to its constitutionality. We would also question the requirements of (8)(d). The last paragraph of Section 13 appears to be indefinite. It raises the question of who is going to determine what is a reasonable distance for the purpose of including the names of property owners. However, in the present state of the record we are not in a position to determine whether the trial court is correct in holding the entire act invalid as being *190 vague, uncertain and indefinite because the transcript of the hearing demonstrates that he heard no evidence bearing on that question.
Accordingly, we reverse that portion of the final judgment which held the ordinances in question are invalid because they violate Section 166.041, Florida Statutes (1973), and we remand the cause to the trial court to take additional testimony and make specific findings relative to the constitutionality of the Impact Review provisions of Ordinance 993 as amended.
REVERSED AND REMANDED with directions.
ANSTEAD and MOORE, JJ., concur.