**A.B.T. CORPORATION, INC., Plaintiff,**

v.

**CITY OF FORT LAUDERDALE, FLORIDA, a Municipal corporation, Defendant.**

**No. 86–6884–CIV.**

United States District Court, S.D. Florida, N.D.

June 16, 1987.

Michael Winer, Fort Lauderdale, Fla., for plaintiff A.B.T. Corp.

Lindsey Payne, Asst. City Atty., Fort Lauderdale, Fla., for defendant City of Fort Lauderdale.

## ORDER OF DISMISSAL

GONZALEZ, District Judge.

THIS CAUSE has come before the court upon the motion of the plaintiff, A.B. Corporation, Incorporated, for summary judgment and the cross-motion of the defendant, City of Fort Lauderdale (City), for summary judgment. The plaintiff seeks to have the court declare City of Fort Lauderdale Ordinances C–84–91 and C–84–100, void and unenforceable and to have the City permanently enjoined from enforcing these ordinances against the plaintiff.

The material facts are not in dispute. The plaintiff operates a restaurant and lounge which sells alcoholic beverages. This restaurant and lounge is located within the City limits of the City of Fort Lauderdale, Florida. The plaintiff opened its business on August 14, 1986. The parties have stipulated that the bar in question, the Booby Trap (Bar) features nude entertainment. There is no dispute that the bar falls within the purview of City Ordinance C–84–91 and Ordinance C–84–100. The premises of the Bar are zoned B–1 by the City, which is a business zoning designation.

The ordinances at issue in this case were in existence prior to the opening of the plaintiff's bar. The City, by virtue of a related case was, for a time, permanently enjoined from enforcing the ordinances. *See International Food & Beverage Systems v. City of Fort Lauderdale*, 614 F.Supp. 1517 (S.D.Fla.1985), *vacated & remanded*, 794 F.2d 1520 (11th Cir.1986).

The City is now preliminarily enjoined from enforcing the two ordinances. *See International Food & Beverage*, Case No. 85–6527–Civ–Gonzalez, Order of November 15, 1986. Thus, for all of the time the plaintiff has been operating its bar, the City has been enjoined from enforcing the ordinances in question.

The plaintiff has challenged, *inter alia*, the validity of City Ordinance C–84–91. This ordinance provides in relevant part:

(b) No alcoholic beverage establishment permitting nudity is permitted:

(1) Within 750 feet of any residentially zoned ("R" districts) land;

(2) Within 750 feet of any church, school, public park or playground; or

(3) Within 750 feet of another alcoholic beverage establishment permitting nudity....

City of Fort Lauderdale Ordinance C–84–91.

The plaintiff has also challenged Ordinance C–84–100. Ordinance C–84–100 amended Ordinance C–84–91. Ordinance C–84–100 states in relevant part:

Sec. 5–9 Location of Alcoholic Beverage Establishments Permitting Nudity

(b) No Alcoholic beverage establishment permitting nudity is permitted on a parcel of land located:

(1) Within 750 feet of any parcel of land which is either zoned *or used* for residential uses or purposes;

(2) Within 750 feet of any parcel of land upon which a church, school, public park or playground is located; or

(3) Within 750 feet of any parcel of land upon which another alcoholic beverage establishment permitting nudity is located.

City of Fort Lauderdale Ordinance C–84–100 (emphasis added).

On September 22, 1984, the City advertised notice of the October 2, 1984 City Commission meeting. The City passed Ordinance C–84–91 on first reading, on October 2, 1984. On October 6, 1984, the City advertised notice for the October 16, 1984 City Commission meeting. On October 16, 1984, Ordinance C–84–91 was read a second time and enacted. On November 10, 1984, the City advertised notice of the November 20, 1984 City Commission meeting and on November 20, 1984, the City passed on first reading, Ordinance C–84–100. On November 24, 1984, the City advertised notice of the December 4, 1984, the City Commission held its meeting, passed and enacted Ordinance C–84–100.

In its motion for the summary judgment, the plaintiff has challenged the validity of the two ordinances solely on the basis of state law. The plaintiff's complaint, however, contains jurisdictional allegations

which refer only to federal law. As stated in its complaint, the plaintiff filed the instant action for declaratory and injunctive relief pursuant to "42 USC [§] 1983, 18 USC [§] 1343(3);[1] 28 USC §§ 2201–2202," the Fifth Amendment and the "due process and equal protection provisions of the Fourteenth Amendment of the United States Constitution." Plaintiff's Complaint at 1 & 3.

Jurisdiction was asserted under 28 U.S.C. § 1331. *Id.* While the plaintiff's complaint is devoid of counts as such, under a section designated "factual allegations" the plaintiff challenges both ordinances C–84–91 and C–84–100 as being void and unenforceable by reason of being passed in violation of both state law and the City of Fort Lauderdale Charter.[2] The plaintiff has, in its motion for summary judgment, attacked Ordinance C–84–91 for having a "defective title," under Florida law, and has attacked both ordinance C–84–91 and C–84–100 as being passed in violation of certain notice and advertisement requirements of Florida law. These alleged defects are the only grounds raised by the plaintiff in its motion for summary judgment. The court will address each argument separately.

## DEFECTIVE TITLE

The plaintiff has attacked Ordinance C–84–91 on the ground that this particular ordinance has a "defective title" and is in violation of Florida Statute § 166.041(2). Section 166.041(2) requires: "Each ordinance or resolution shall be introduced in writing and shall embrace but one subject and matters properly connected therewith. *The subject shall be clearly stated in the title.*" Fla.Stat.Ann. § 166.041(2) (West Supp.1987).

The plaintiff contends that the title of Ordinance C–84–91 fails to clearly desig-

nate the subject of the ordinance. The title of Ordinance C–84–91 states:

AN ORDINANCE ENACTING A NEW SECTION 5–9 OF THE CODE OF ORDINANCES OF THE CITY OF FORT LAUDERDALE, FLORIDA TO PROHIBIT THE LOCATION OF ALCOHOLIC BEVERAGE ESTABLISHMENTS AT PARTICULAR LOCATIONS; PROVIDING FOR APPLICATION OF SAID PROHIBITION TO SUCH ESTABLISHMENTS IN EXISTENCE ON THE EFFECTIVE DATE OF THE ORDINANCE.

The parties agree that enforcement of Ordinance C–84–91 against the plaintiff would prevent the plaintiff from continuing its nude entertainment format at its establishment which serves alcoholic beverages. The plaintiff is correct in noting that the title of Ordinance C–84–91 lacks any reference to nude dancing. The court, however, must uphold the statute against a challenge as to "title defects unless there are plain and substantial violations of organic constitutional requirements." *Stone v. Town of Mexico Beach*, 348 So.2d 40, 43 (Fla.Dist.Ct.App.1977), *cert. denied*, 355 So.2d 517 (Fla.1978) (citing *King Kole, Inc. v. Bryant*, 178 So.2d 2 (Fla.1965); *Farabee v. Board of Trustees*, 254 So.2d 1 (Fla. 1971); *City of Naples v. Moon*, 269 So.2d 355 (Fla.1972)).

Moreover, under Florida law, the court must reject a challenge to the sufficiency of an ordinance if the title "fairly gives such notice as will reasonably lead to inquiry into the body [of the ordinance]." *Bryant*, 178 So.2d at 4.

The title of Ordinance C–84–91 places the public at large as well as prospective owners and operators of establishments which serve alcoholic beverages on notice that such establishments are prohibited at par-

---

**1.** The court assumes that the reference to 18 U.S.C. § 1343(3) is a typographical error and that the plaintiff instead intended to refer to 28 U.S.C. § 1343(3). Title 28 U.S.C. § 1343(3) is a jurisdictional statute. Title 18 U.S.C. § 1343 is a criminal statute dealing with wire, radio or television fraud and is not relevant to this case.

**2.** Prior to filing the instant motions for summary judgment, the City filed a motion to dismiss, which was denied by the court on December 31, 1986. In its response to the City's motion to dismiss, the plaintiff dropped its claims that the ordinances were passed in violation of the City Charter. *See* Plaintiff's Response to the Motion to Dismiss at 7.

ticular locations. To be sufficient under Florida law it is not necessary that the title of the ordinance "be an index to the contents." *City of Hallandale v. Florida*, 371 So.2d 186, 189 (Fla.Dist.Ct.App.1979). The title of Ordinance C–84–91 was sufficient to lead to inquiry of the contents of the ordinance.

## FAILURE TO COMPLY WITH STATE NOTICE REQUIREMENTS

The plaintiff also contends that both Ordinance C–84–91 and Ordinance C–84–100 are invalid because the City failed to comply with the notice provisions of Florida Statute § 166.041(3)(c). As Amended, section 166.041(3)(c) requires that ordinances "which rezone specific parcels of private real property or which substantially change permitted use categories in zoning districts shall be enacted pursuant to ..." certain enumerated notice provisions contained within this subsection. Fla.Stat.Ann. § 166.041(3)(c) (West Supp.1987).

The City concedes that it failed to comply with the notice provisions contained in section 166.041(3)(c), but argues that the procedure for passage of the two ordinances is governed instead by Florida Statute section 166.041(3)(a). The City maintains that it did comply with section 166.041(3)(a) and the plaintiff has not disputed this contention.

Prior to the enactment of Ordinance C–84–91 and Ordinance C–84–100, establishments which served alcoholic beverages and presented nude dancing entertainment were permitted in various business zones throughout the City.[3] The enactment of the two ordinances has not changed the zoning of the land on which the plaintiff's business is located, the property remains zoned for business use. Therefore, the enactment of the two ordinances did not constitute a rezoning of "specific parcels of real property" as contemplated by section 166.041(3)(a).

The remaining question facing the court is whether the passage of the two ordinances resulted in a substantial change in a permitted use category, as that phrase is used in section 166.041(3)(c). As it existed prior to 1983, section 166.041(3)(c) required municipalities in Florida to meet certain detailed notice provisions for ordinances whose effect was to impose a restriction upon the use of land. *See Fountain v. City of Jacksonville*, 447 So.2d 353, 355 (Fla.Dist.Ct.App.1984) (amendatory zoning ordinances must comply with the former version of section 166.041(3)(c)).

As the statute stands amended, however, Florida municipalities are required to give the more detailed form of notice provided for under section 166.041(3)(c), only if the changes in permitted use categories are "substantial." Proposed ordinances which result in insubstantial changes or changes which do not constitute a rezoning of the property may be advertised and passed in accordance with section 166.041(3)(a) (1987).[4]

The phrase "substantially change permitted use category" is not defined in the statute. In 1983, the Legislature of Florida amended subsection (3)(c) of section 166.041 by inserting the above language. The parties have not cited nor has the court found any cases which construe the new version of the statute.

The defendant argues that the notice provisions of section 166.041(3)(a) would have been triggered only if the City intended by its ordinance to abolish or disallow nude dancing entirely. Under the defendant's theory, because the ordinances only

---

**3.** Alcoholic Beverage establishments are permitted in business zones B–1–A; B–1–B; B–1–C; B–1; B–2; B–3; and B–3–C, within the City of Fort Lauderdale.

**4.** Section 166.041(3)(a) provides:
Except as provided in paragraph (c), a proposed ordinance may be read by title, or in full, on at least 2 separate days and shall, at least 10 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality. The notice of proposed enactment shall state the date, time, and place of the meeting; the title or titles of proposed ordinances; and the place or places within the municipality where such proposed ordinances may be inspected by the public. The notice shall also advise that interested parties may appear at the meeting and be heard with respect to the proposed ordinance.
Fla.Stat.Ann. § 166.041(3)(a) (West Supp.1987).

involved a restriction on the number of potential sites available for nude dancing, the City was not required to comply with section 166.041(3)(c). As support for its position, the City relies on a 1984 Florida Attorney General Opinion. *See* 1984 Op. Att'y Gen. 084–63 (July 12, 1984). Attorney General Opinions are not binding on courts in Florida, but such opinions are " 'entitled to weight' " when construing the Florida Statutes. *Florida Industrial Commission v. Schoenberg,* 117 So.2d 538, 543 n. 5 (Fla.Dist.Ct.App.1960) (quoting *Perry v. Larson,* 104 F.2d 728, 729–30 (5th Cir.1939)).

The Attorney General Opinion offered by the defendant, however, does not address the issue raised in this action, at least not in any direct way.[5] The Opinion only treats the issue of addition of other uses within a specific zoning category. The Opinion concludes that "addition" of other permitted uses within a particular zoning district does constitute a "substantial" change in permitted uses under section 166.041(3)(c). The Opinion makes no reference to whether the restriction as opposed to the addition of an entirely new use or uses within a particular zoning district would constitute a substantial change in particular uses. The Opinion thus does not provide the court with much assistance.

The plaintiff has supplied the court with the Florida House of Representatives Staff Analysis for this statute. Florida House of Representatives, Staff Analysis, Committee on Community Affairs, June 23, 1983, at 1 (1983). The plaintiff maintains that the Staff Analysis supports its contention that even the most minor changes in a permitted use category must be noticed in compliance with the provisions of section 166.-041(3)(a).

There is nothing in the House of Representative Staff Analysis which warrants such a conclusion. As the Staff Analysis notes, the prior version of section 166.-041(3)(c) required "more stringent publication and public hearing requirements ...

[for] amendments to the substantive provisions or general text of a zoning ordinance, if the effect would be to alter existing uses of land or permissible activities upon land." *Id.* at 1.

As the statute stands amended, however, only "substantial changes in permitted use categories" require the more detailed form of notice and advertisement provisions of section 166.041(3)(c). The construction of the word "substantial" has apparently been left to the courts to determine. *Id.* at 2.

The court is, therefore, in the same position as when its inquiry began. The court is without guidance from the Florida courts or the statute itself on the question of what action by a municipality constitutes a substantial change in a permitted use category. The question is not merely academic. If the ordinances were passed in contravention of section 166.041(3)(c), under Florida law the ordinances are "null and void." *David v. City of Dunedin,* 473 So.2d 304, 306 (Fla.Dist.Ct.App.1984); *See also Fountain,* 447 So.2d at 355 n. 2 (citations omitted).

The court has two options: It may determine that the changes in zoning wrought by the passage of the two ordinances were substantial, or the court may conclude that the changes were insubstantial. As to finding in favor of either of the alternatives, the court is equally without guidance.

The parties have framed the issues before the court and although jurisdiction for the plaintiff's complaint is premised on violations of federal law, the issues raised in the parties' cross-motions for summary judgment concern matters of state law alone. Moreover, the question of state law may resolve the case. The court is thus faced with the choice of deciding an uncertain issue of state law in a case where state law may be determinative of the outcome. Under such circumstances, and after careful attention to the facts of the case, a federal court may, in the exercise of its discretion, stay its hand or abstain and order "the parties to repair to the state

---

5. Florida Attorney General Opinion 084–63, issued July 12, 1984, addresses the issue of whether placement of additional uses such as daycare centers, foster homes and adult congregate living facilities requires notice under subsection (c) of section 166.041(3).

court." *Fields v. Rockdale County,* 785 F.2d 1558, 1560 (11th Cir.1986) (citations omitted), *cert. denied,* —— U.S. ——, 107 S.Ct. 571, 93 L.Ed.2d 575 (1986).

The form of abstention implicated in this action is that set forth in *Railroad Comm'n of Texas v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* abstention as it is known, it a narrow exception "to be exercised only in *special* or 'exceptional' circumstances." *Duke v. James,* 713 F.2d 1506, 1510 (11th Cir.1983) (footnote omitted). *Pullman* abstention is appropriate when there is an unsettled question of state law, the question is "dispositive of the case and [resolution of the question] would avoid, or substantially modify the constitutional question." *Duke,* 713 F.2d at 1510.

As the foregoing discussion regarding section 166.041(3)(c) demonstrates, the meaning of this particular provision of the Florida Statutes, as amended, is uncertain. Interpretation of the meaning of the phrase "substantial change in a permitted use category" may completely resolve the issue before the court. If the zoning changes constituted a "substantial" change in a permitted use category it will not be necessary for the court to reach the plaintiff's constitutional claims. In that event, the federal claims will be mooted. *Id.*

The amount of litigation and its attendant costs in this case have been minimal, by virtue of the injunction previously entered by this court in a related action. *Id.* The case has been pending for only a few months and there are no factual disputes to be resolved. *Id.* The parties can easily repair to the courts of the State of Florida for resolution of their claims. *Id.*

The court is mindful of its duty to decide issues properly placed before it. *Meredith v. City of Winter Haven,* 320 U.S. 228, 234,

64 S.Ct. 7, 10–11, 88 L.Ed. 9 (1943).[6] The state law issue raised by the parties, however, centers on the proper state procedures for implementing zoning ordinances, a matter which is "primarily of local concern." *Rockdale County,* 785 F.2d at 160–61 (citations omitted).

Accordingly, for reasons set forth above, it is hereby

ORDERED AND ADJUDGED as follows:

1. That this cause is hereby DISMISSED, without prejudice to be refiled in the appropriate State forum.

2. That the motion for summary judgment, filed by the plaintiff, A.B.T. Corporation, be and the same, is DENIED.

3. That the cross-motion for summary judgment filed by the defendant, City of Fort Lauderdale, be and the same, is DENIED.

---

**6.** The instant action is distinguishable in several respects from the circumstances presented in *Meredith.* In *Meredith,* it was evident that Congress intended for federal courts to exercise jurisdiction over actions brought by citizens of different states. *Id.* 320 U.S. at 236, 64 S.Ct. at 12. Here, by contrast, the parties are not of diverse citizenship and federal jurisdiction is premised upon a federal question(s). Section 1983 actions may be brought in both state and federal courts. Moreover, the plaintiff has sought to invoke the equity jurisdiction of this court. The granting of the relief the plaintiff seeks will not result in the payment of damages. Under such circumstances the court may exercise its discretion and decline to adjudicate issues of state law. *Id.* at 235, 64 S.Ct. at 11.