Thelma A. ROBINSON and Joseph W. Robinson, Plaintiffs,

v.

CITY OF TAMPA, a Municipal Corporation of the State of Florida, and Joseph P. Papaleo, a/k/a Joe Papaleo, individually and in his official capacity as Inspector for Standards and Enforcement, and City of Tampa Code Enforcement Board, Judith L. James, a/k/a Judy James, individually and in her official capacity as Chairman, Code Enforcement Board, Defendants.

No. 97-1111-CIV-T-17C.

United States District Court, M.D. Florida, Tampa Division.

Nov. 17, 1997.

George P. Kickliter, Law Office of George P. Kickliter, Tampa, FL, for Plaintiffs.

Jorge I. Martin, City Attys. Office, Donna D. Wysong, Edith N. Dinneen, Annis, Mitchell, Cockey, Edwards & Roehn, P.A., Tampa, FL, for Defendants.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following motions:

Dkt. 8 Motion to Dismiss and Strike, and Motion for Abstention (City of Tampa and Papaleo)

Dkt. 13 Response

Dkt. 14 Motion to Strike

Dkt. 16 Response

Plaintiffs originally commenced this action on April 30, 1997, in a six count Complaint (Dkt.1). The gravamen of Plaintiffs' Complaint is that the entire Code Enforcement Board scheme as set forth in Chapter 162 Florida Statutes is unconstitutional.

## FACTS

The facts alleged by the Plaintiffs in their Complaint are taken as true only for the purpose of this motion.

On April 28, 1993, a public hearing was held by the City of Tampa Code Enforcement Board (the "Board") on violations of the City of Tampa Code (the "Code") by Thelma A. and Joseph W. Robinson. The alleged violations occurred between the dates of March 26, 1992 and April 28, 1993. The hearing was to address violations which were still found to exist as of April 28, 1993. As reported in the Boards "Findings of Fact," the rental property owned by Plaintiffs, located at 316 W. Amelia Avenue, was in violation of the Code as a result of Plaintiffs' "failure to repair floors, walls, vent screen wire, eaves, fascia, rafters, roof and to scrape and paint all exterior" (Exhibit A, Dkt. 1).

At the hearing, Plaintiff Joseph Robinson made a Motion for a Continuance and/or a Motion to Dismiss. In protest of the Board's refusal to entertain either of Plaintiff Joseph Robinson's motions, Mr. Robinson left the hearing and was not present at the time the Board received evidence, heard testimony and arguments, and issued its findings of fact. In addition, Plaintiff Thelma Robinson was also not present at the hearing due to lack of notice. Therefore, Plaintiffs' rights were not represented at the hearing.

The Board received evidence, heard testimony under oath from inspector Joseph Papaleo, heard argument, and thereupon found Plaintiffs guilty of violating Code Section 19–233 and 19–234. Plaintiffs were ordered to correct said violations on or before June 30, 1993, or pay a fine of $80.00 per day for each and every day any violation continues past the date set for compliance (Exhibit A, Dkt. 1). An Order Imposing Lien was issued, which would become self executing upon Affidavit of Non–Compliance being filed with the Clerk. *Id.*

The Court is unaware of the date the lien was recorded; however, the fine exceeded $116,800.00 as of the date Plaintiffs filed their Complaint. Therefore, it can be inferred that compliance was not made by June 30, 1993, and an Affidavit of Non–Compliance was likely filed shortly thereafter, causing the fine to begin running and the lien to become self executing.

As a result of the Board's decision, and pursuant to Section 162.11, Florida Statute, Plaintiffs appealed the Board's decision to the 13th Judicial Circuit, Case No. 94–1351, now pending before Judge Moody. Additionally, Plaintiffs filed with this Court their six count Complaint, alleging Civil Rights Violations (Count I), Unlawful Search (Count II), Conspiracy (Count III), Declaratory Judgment (Count IV), "Arbitrary and Capricious Due Process Claim" (Count V), and "Complaint for Preliminary Restraining Order and Temporary Injunction" (Count VI).

## DISCUSSION

Defendants argue that Counts I, III, V, VI of the Complaint should be dismissed because Plaintiffs have failed to state a claim upon which relief can be granted.

Alternatively, the Defendants contend the *Younger* abstention doctrine requires the Court to abstain from exercising jurisdiction over this matter. Defendants argue that similar to *Mastrangelo v. City of St. Petersburg,* 890. F.Supp. 1025 (M.D.Fla.1995), this case deals with the enforcement of county and municipal codes and ordinances, which is a paramount state interest, and that this Court should abstain from exercising jurisdiction, as this Court did in *Mastrangelo.*

Defendant further argues that abstention is warranted under the *Pullman* and *Burford* doctrines since there are unsettled issues of state law currently on appeal before the Second District which may render the constitutional issues in this action moot. *See International Eateries v. Bd. of County Commissioners,* 838 F.Supp. 580, 585–586 (S.D.Fla.1993) and *A.B.T. Corporation, Inc., v. City of Ft. Lauderdale,* 664 F.Supp. 488, 493 (S.D.Fla.1987).

Plaintiffs argue that their Complaint does state a cause of action and that abstention is not appropriate. Defendant argues that the pendency of an action in state court does not bar an action in federal court. *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

■ Federal courts have an obligation to adjudicate claims that are properly presented and within their subject matter jurisdiction. *Colorado River Water Conservation District,* 424 U.S. at 817, 96 S.Ct. at 1246. However, under the abstention doctrine, the court may avoid adjudicating a dispute in certain limited circumstances. Accordingly, the Court will evaluate Plaintiffs' suit under the *Younger* abstention doctrine.

### Younger Abstention

■ The *Younger* abstention is based on the principle of equitable restraint described by the *Younger* court as the notion of "comity." Comity includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."

*Younger v. Harris,* 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971), quoted in *Middlesex County Ethics Comm. v. Garden State Bar Assn.,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2520, 73 L.Ed.2d 116 (1982).

■ Another important reason for abstention is to avoid unwarranted determination of federal constitutional questions. When federal courts interpret state statutes in a way that raises federal constitutional questions, "a constitutional determination is predicated on a reading of the statute that is not binding on state courts and may be discredited at any time; thus essentially rendering the federal court decision advisory and the litigation underlying it meaningless." *Pennzoil Co. v. Texaco Inc.,* 481 U.S. 1, 14, 107 S.Ct. .1519, 1527, 95 L.Ed.2d 1 (1987) (quoting *Moore v. Sims,* 442 U.S. 415, 432, 99 S.Ct. 2371, 2381, 60 L.Ed.2d 994 (1979); *Trainor v. Hernandez,* 431 U.S. 434, 445, 97 S.Ct. 1911, 1919, 52 L.Ed.2d 486 (1977)).

■ In *Younger,* the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings except in very unusual exceptions. The *Younger* doctrine has since been expanded to prohibit federal courts from interfering not only with a pending state civil case in which the state is a party, *see Huffman v. Pursue, Ltd.* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), but also with a pending state administrative proceeding. *See Middlesex Ethics Comm.,* 457 U.S. 423, 102 S.Ct. 2515; *Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* 477 U.S. 619, 106 S.Ct. 2718, 91 L.Ed.2d 512 (1986).

■ There are essentially three issues that must be addressed in order to invoke the *Younger* abstention: (1) whether the action constitutes an ongoing state judicial proceeding; (2) whether the proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise constitutional challenges. *See Middlesex County,* 457 U.S. at 432, 102 S.Ct. at 2521. If those questions are answered affirmatively then the *Younger* abstention applies unless there is a showing of "bad faith, harassment, or some extraordinary circumstance that would make absten-

tion inappropriate." *Id.* at 435, 102 S.Ct. at 2523.

■ The first issue, then, is whether there is an ongoing state judicial proceeding. In the instant case, a state court judicial review proceeding is currently pending in the Thirteenth Judicial Circuit, Case No. 94–1351, before Judge Moody.

Secondly, the issue of code enforcement and the ability of local governments to control violations via the Code Enforcement Board pursuant to Chapter 162, Florida Statute constitutes an important state interest. Plaintiffs do not contest this point, stating "this case, the instant case, concerns the entire Code Enforcement Board scheme set forth by Chapter 162 of Florida Statutes and is a case of first impression and is a case of great public importance ..." (Dkt.13).

■ Finally, the "adequate opportunity to address the constitutional issues" requirement is satisfied if constitutional issues may be raised in the state court judicial review proceedings. *Ohio Civil Rights Comm'n,* 477 U.S. at 629, 106 S.Ct. at 2724. In *Holiday Isle Resort v. Monroe County,* 582 So.2d 721, 721–22 (Fla. 3d DCA 1991), constitutional claims are properly cognizable on an appeal to the circuit court from a final order of an enforcement board taken pursuant to Section 162.11, Florida Statutes (1989).

■ Having found that the basic elements for invoking the *Younger* abstention are present in this case, this Court turns to the question of whether bad faith, harassment, or some other extraordinary circumstances is involved. Plaintiffs argue that Defendants conspired to violate Plaintiffs' civil rights and deprive them of their property. Plaintiffs further argue that because the government refused to help Plaintiffs obtain government financing to repair their property, Defendants acted with malice, arbitrariness and oppression and this was because the Robinsons are "black, African American citizens" (Dkt.1). Therefore, Plaintiffs argue, "the cause of this lien and the oppressive fines is based upon racial discrimination and racial vindictiveness" *Id.*

The Court is aware of other federal litigation involving code enforcement by the City of Tampa against citizens who are not black, African American citizens. After carefully reviewing the pleadings in this case, all the Court can determine is the presence of a dispute as to the intent of the code enforcement actions, and bad faith by Defendants. The Court finds the pleadings do not allege such extraordinary circumstances that would allow exception to the *Younger* abstention. *See Rosenthal v. Carr,* 614 F.2d 1219 (9th Cir.1980); *Anonymous v. Association of the Bar,* 515 F.2d 427 (2d Cir.1975).

In light of the opinions in *Mastrangelo v. City of St. Petersburg, Ohio Civil Rights Comm'n v. Dayton Christian Schs., Inc.,* and *Holiday Isle Resort v. Monroe County,* the Court finds that *Younger* abstention applies to this case. Plaintiffs have alleged constitutional violations which fall within the purview of the Florida Circuit Court. Accordingly, it is

**ORDERED** that Defendants' Motion for Abstention is **granted** (Dkt.8). The Court **abstains** from exercising jurisdiction over Plaintiffs' case. The Clerk is directed to CLOSE this case. It is further

**ORDERED** that Defendants' Motion to Dismiss and Strike (Dkt.8) is **denied** as moot. It is further

**ORDERED** that Plaintiffs' Motion to Strike Defendant James' Affirmative Defenses (Dkt.14) is **denied** as moot.

DONE AND ORDERED.