Donald ROOKE and Marjorie Rooke, Plaintiffs,

v.

CITY OF SCOTTS VALLEY, Defendant.

No. C-86-20811-WAI.

United States District Court, N.D. California.

April 27, 1987.

Joseph M. Gughemetti, San Mateo, Cal., for plaintiffs.

Stephen L. Kostka, Geoffrey L. Robinson, Phillip S. Althoff, McCutchen, Doyle, Brown & Enersen, Walnut Creek, Cal., Raymond M. Haight, Scotts Valley, Cal., for defendant.

## AMENDED ORDER

INGRAM, District Judge.

IT IS HEREBY ORDERED that the Order filed on April 27, 1987 in this action is hereby corrected, pursuant to Fed.R.Civ.P. 60(a), to read as follows:

Defendant's motion to stay the action, pursuant to the *Pullman* abstention doctrine, is hereby GRANTED.

## I. INTRODUCTION

Plaintiffs seek damages for an alleged taking of their property and for a federal civil rights violation arising out of two land use ordinances[1] regulating mobile home parks in Scotts Valley. Defendant City of Scotts Valley, seeks to stay this action because parties are involved in pending state court litigation which will purportedly eliminate or narrow the federal constitutional issues presented in this case.

## II. DISCUSSION

### A. *Canton Analysis*

In *Canton v. Spokane School District No. 81*, 498 F.2d 840, 845 (9th Cir.1974), the court established a three prong test to determine whether *Pullman* abstention is appropriate:

1. The complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open.
2. Such constitutional adjudication plainly can be avoided if a definitive ruling on the state issue would terminate the controversy.
3. The possibly determinative issue of state law is doubtful.

The party seeking to stay the litigation carries the burden of meeting each prong.

### 1. *Sensitive Area of Social Policy*

█ The Ninth Circuit has consistently held that the first *Canton* condition is satisfied in land use regulation cases. *Bank of America v. Summerland County Water District*, 767 F.2d 544 (9th Cir.1985). Since the instant case concerns the validity of land use regulations, the first *Canton* condition is satisfied.

### 2. *Constitutional Adjudication Narrowed by Pending State Court Actions.*

█ The second *Canton* prong concerns whether the constitutional question would be eliminated or narrowed by adjudication of the state law issues in state court. *C–Y Development Co. v. City of Redlands*, 703 F.2d 375, 380 (9th Cir.1983). The Ninth

---

1. Defendant City of Scotts Valley enacted a rent control ordinance (chapter 9.16). The rent control ordinance limited rent adjustment to once a year and established a rent review commission. The second ordinance is a mobile home park conversion ordinance (chapter 17.49). This ordinance restricts a park owner's ability to convert his or her property to another use unless several stringent conditions are met. Additionally, no variance procedure exists.

Circuit Court in *C–Y* made clear that abstention does not require that the state court action completely eliminate constitutional claims. It is enough that the state court determination may obviate in whole or in part, or alter the nature of the federal constitutional questions. In the instant case, plaintiff's constitutional challenge presents the issue of whether a regulatory taking has occurred, entitling plaintiffs to just compensation. The federal questions may be narrowed after state court adjudication of the state regulatory taking issue.

More specifically, the court in *Sederquist v. City of Tiburon*, 590 F.2d 278 (9th Cir. 1978) stated:

Since the state and federal constitutional prohibitions against uncompensated takings are highly similar, [citations omitted] it is "particularly appropriate that the California Courts be afforded the initial opportunity of interpreting the constitution of their own state in relation to the ... complaint." *Newport Investment v. City of Laguna Beach*, 564 F.2d 893, 894 (9th Cir.1977). Given that opportunity, a state court might avoid the federal constitutional issues by deciding that an illegal taking under the California Constitution has occurred.

590 F.2d at 282.

The plaintiffs have challenged the Scotts Valley ordinances as violative of Article I, § 19 of the California Constitution in both pending state court actions.[2] Pursuant to the reasoning in *Sederquist,* resolution of state law claims in favor of the plaintiffs could avoid altogether, or at least narrow, the adjudication of the constitutional questions concerning regulatory takings. Hence, the second *Canton* condition is satisfied.

Plaintiffs contend that the second *Canton* condition is not satisfied since the issue regarding recovery of damages, pursuant to a regulatory taking finding, is certain in California courts. The California Supreme Court has stated that damages for a regulatory taking is not recoverable[3]. *Agins v. City of Tiburon*, 24 Cal.3d 266, 157 Cal. Rptr. 372, 598 P.2d 25 (1979). However, this fact does not warrant failure of the second *Canton* condition since the initial constitutional issue concerns whether a regulatory taking has occurred and not whether plaintiffs are entitled to recover damages.

### 3. Uncertainty of State Law Issues

■ The uncertainty condition under the *Canton* test is satisfied when a federal court cannot predict with any confidence how the state's highest court would decide the issue at hand. *Pearl Investment Co. v. County and City of San Francisco*, 774 F.2d 1460 (9th Cir.1985). Furthermore, the United States Supreme Court stated in *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 84 n. 8, 95 S.Ct. 870, 876 n. 8, 43 L.Ed.2d 32 (1975) that "... where the statute is part of an integrated scheme of constitutional provisions ... and where the scheme calls for clarifying interpretation by the state courts, abstention is proper."

■ In the instant case, the two Scotts Valley ordinances have not been adjudicated by any tribunal. The two ordinances must be interpreted in light of the Mobile Home Residency Law, California Civil Code § 789 *et seq.*, which also has not been adjudicated in any state tribunal. This court, therefore, cannot predict with any certainty whether the state court would find a regulatory taking of plaintiff's property. Accordingly, the third *Canton* condition is satisfied.

### B. No Undue Hardship

Plaintiffs contend that recovery of damages is barred in the California state courts

---

**2.** The first suit, *Abell et al. v. Rooke et al.,* No. 99599, involves an action brought by the tenants in plaintiff's mobile home park, who seek to prevent the plaintiffs from closing the park and also to recover damages. The second suit, *Rooke v. City of Scotts Valley*, No. 100205, is identical to the action filed in the federal court.

**3.** In *Agins v. City of Tiburon*, 24 Cal.3d 266, 272–73, 157 Cal.Rptr. 372, 598 P.2d 25 (1980), the court explained that the sole remedy available for a regulatory taking is invalidation. An award of just compensation is no longer available in California.

by the *Agins* no-damage rule and that at least five to seven years would pass before the plaintiffs would be entitled to federal court adjudication on the damages issue. Plaintiffs argue that abstention is inappropriate because this delay will cause them substantial hardship. In the case at bar, any delay required before federal court adjudication does not warrant refraining from abstention.

Two factors persuade the court to abstain. First, the *Agins* no-damage rule seems to stand on a "precedential precipice." *See McMillan v. Goleta Water District,* 792 F.2d 1453, 1459 (9th Cir.1986). The United States Supreme Court has recently granted review of two California cases involving the no-damages rule.[4] Second, if the state court determines that a taking has occurred, the state court remedy is to invalidate the offending ordinance(s). *Agins v. City of Tiburon,* 24 Cal.3d 266, 157 Cal.Rptr. 372, 598 P.2d 25 (1979). Although plaintiffs may have to wait a substantial period of time before federal court adjudication, plaintiffs can enjoy full use of their property in the interim.

Abstention would result in no undue hardship or burden for the plaintiffs.

## III. CONCLUSION

The action is HEREBY STAYED consistent with this order.

IT IS SO ORDERED.

---

4. *See First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, prob. juris. noted,* — U.S. —, 106 S.Ct. 3292, 92 L.Ed.2d 708 (1986); *Nollan v. California Coastal Commission, prob. juris. noted,* — U.S. —, 107 S.Ct. 312, 93 L.Ed.2d 286 (1986). The Supreme Court's recent grant of review of these cases during the Spring 1987 Term suggests that the California no-damage rule for regulatory takings may be inconsistent with federal due process protections.