Alan B. BURDICK, Plaintiff–Appellee,

v.

Morris TAKUSHI, Director of Elections, State of Hawaii; John W. Waihee, Lieutenant Governor, State of Hawaii, Defendants–Appellants.

Nos. 86–2689, 86–2703.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 13, 1987.

Decided May 17, 1988.

Steven S. Michaels, Deputy Atty. Gen., State of Hawaii, Honolulu, Hawaii, for defendants-appellants.

Mary Blaine Johnston, Brown, Johnston & Day, Honolulu, Hawaii, for plaintiff-appellee.

Before NORRIS and NOONAN, Circuit Judges, and SMITH,\* District Judge.

NORRIS, Circuit Judge:

In May 1986, Appellee Burdick notified Appellants Takushi and Waihee (Hawaii's Director of Elections and Lieutenant Governor, respectively) that he wished to cast a write-in vote in the upcoming September primary. After consulting with the State Attorney General, appellants informed Burdick that Hawaii election laws do not provide for write-ins and that such votes would be disallowed or ignored. Burdick filed suit in federal district court claiming that in the upcoming primary and in future primaries and general elections he wished to vote for persons whose names would not appear on the printed ballot and that a ban on such write-in voting violates the United States Constitution. The district court agreed and granted summary judgment for Burdick.

Appellants argue that the district court should have abstained from deciding the merits of Burdick's constitutional challenge because it is unclear whether Hawaii's election laws prohibit write-in voting.[1] We agree.

---

\* The Honorable Russell E. Smith, United States District Judge for the District of Montana, sitting by designation.

1. Although appellants raise this argument for the first time on appeal, *Pullman* abstention is not waivable by the parties and thus the issue is properly before us. *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 480 n. 11, 97 S.Ct. 1898, 1904 n. 11, 52 L.Ed.2d 513 (1977).

The Supreme Court has made it clear that "federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal question can be decided." *Hawaii Housing Auth. v. Midkiff,* 467 U.S. 229, 236, 104 S.Ct. 2321, 2327, 81 L.Ed.2d 186 (1984) (citing *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). Our circuit has adopted a three-part test to determine whether *Pullman* abstention is warranted. First, the proper resolution of the state law question at issue must be uncertain. Second, a definitive ruling on the state issue must potentially obviate the need for constitutional adjudication by the federal court. Third, the complaint must touch upon "a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open." *Bank of America Nat'l Trust and Savings Assoc. v. Summerland Cty. Water Dist.,* 767 F.2d 544, 546 (9th Cir.1985) (quoting *Canton v. Spokane School Dist. No. 81,* 498 F.2d 840, 845 (9th Cir.1974).

With respect to the first criterion, the course of this litigation makes it plain that the question whether Hawaii's election law prohibits write-in voting is an unsettled question of state law. At some time or other, each party seems to have argued both sides of the coin: either that Hawaii's ban on write-in voting is mandated by statute or that the ban is not statutory, but rather arises solely from the administrative policy of state election officials. *See* Appellants' Opening Br. at 48; Appellee's Br. at 36–38. Curiously, the district court and the appellee (in his current interpretation) are at odds on the issue. The district court concluded that "plaintiff's complaint arises not from any specific Hawaii law, but from defendants' interpretation of that law." Order of September 29 at 4. Yet, on appeal, appellee urges this court to treat Ha-

waii's prohibition on write-in voting as statutorily based. Appellee's Br. at 38.

Such confusion is hardly surprising. Hawaii's election laws are devoid of any reference to write-in voting. Although taken collectively several sections of the Hawaii elections code may be read to prohibit write-ins, these sections may also be read as merely foreclosing ballot access to write-in candidates while placing no restrictions on the right of voters to cast write-in ballots for the candidates of their choice.[2]

We agree with the district court, Order of October 8 at 10–12, that *Jensen v. Turner,* 40 Haw. 604 (1954), which appellants cite for the proposition that Hawaii has never allowed write-in voting, does not provide a controlling interpretation of Hawaii law. The sole question before the Hawaii court in *Jensen* was whether an act covering two subject matters, machine voting and write-in voting, violated Title 45 of the Organic Act which requires that each law shall "embrace but one subject, which shall be encompassed in its title." Since the title of the act at issue did not mention write-in voting, the *Jensen* court struck down the write-in voting portion of the law. Although the court assumed that Hawaii law prohibited write-in voting, that assumption was wholly unnecessary to the decision of the case and was made in the context of Hawaii's old election statutes, not those currently in effect.

In sum, neither the plain language of Hawaii statutes nor any definitive judicial interpretation of those statutes establishes that the Hawaii legislature has enacted a ban on write-in voting. Especially considering the ease with which the Hawaii legislature could have expressly authorized such a ban, if intended, we decline to find by implication a statutory prohibition on write-in voting.

---

**2.** Hawaii Rev.Stat. § 12–1 requires that "All candidates for elective office, except as provided for in section 14–21 [for Presidential Electors], shall be nominated in accordance with this chapter and not otherwise." Section 12–2 specifies that "No person shall be a candidate for any general or special general election unless the person has been nominated in the immediately preceding

primary or special primary." Section 16–25 provides that "Each ballot shall be counted ... as to all the candidates...." And Section 16–26(1) further provides that ballots which contain "any mark or symbol contrary to the provisions of law" shall be considered "questionable" and set aside uncounted.

Faced with this lack of clear legislative direction, the district court treated Burdick's claim not as a facial challenge to a statutory prohibition on write-in voting, but as a § 1983 action against individual state election officials for the deprivation of Burdick's constitutionally protected right to cast a write-in ballot. Order of September 29 at 4. Ordinarily, we would agree that a plaintiff may sue state officials under § 1983 for the alleged deprivation of his constitutional rights regardless of whether the state law upon which those officials based their actions was susceptible of clear interpretation. In this case, however, the actions of the defendant state officials are inseparable from the state laws underlying their actions. Defendants Takushi and Waihee claim no independent authority or discretion to determine whether Hawaii provides for the casting and counting of write-in votes. Their opinion that Hawaii law prohibits write-in voting was, it appears, based solely on their reading of the relevant statutes and in no way reflected an exercise of executive authority separate from their duty to implement the election rules established by the legislature.

Under the circumstances, a definitive resolution of the unsettled question whether Hawaii's election laws actually prohibit write-in voting might obviate the need for a federal court to decide the federal constitution question raised by Burdick's claim. If the Hawaii state courts were to decide that Hawaii law permits write-in voting—a not insubstantial possibility as we read Hawaii law—then we may presume that Hawaii election officials would administer the election laws accordingly. Thus, the second prong of our abstention test has been satisfied.

Finally, this case does touch upon "a sensitive area of social policy" into which federal courts should intrude with great reluctance. State election codes are the product of careful consideration at the local level about how to ensure fair and orderly elections. The authority of states to enact such codes derives from the Constitution itself. *See* Article I, Sec. 4, cl. 1. Federal courts should refrain from deciding the constitutionality of state election laws when reasonable alternatives to such adjudication are available.

In conclusion, we hold that this is an appropriate case for *Pullman* abstention. The state laws which lie at the heart of this case are " 'fairly subject to an interpretation which will render unnecessary' adjudication of the federal constitutional question." *Hawaii Housing Auth.*, 467 U.S. at 236, 104 S.Ct. at 2327 (quoting *Harman v. Forssenius*, 380 U.S. 528, 535, 85 S.Ct. 1177, 1182, 14 L.Ed.2d 50 (1965). Accordingly, we vacate the district court's judgment and remand with instructions to abstain from deciding the federal constitutional issue in this case pending a determination by the state courts of the question whether Hawaii election laws permit write-in voting. *See Kollsman v. City of Los Angeles*, 737 F.2d 830, 837 (9th Cir.1984).