Jerry **GANZ**, Plaintiff,

v.

**CITY OF BELVEDERE, The City Council of the City of Belvedere, Lani Valentine, Richard E. Boesel, Jr., Richard Kalish, Kenneth Johnson, Douglas Jocelyn, Defendants.**

No. C–90–0662 SAW.

United States District Court,
N.D. California.

June 29, 1990.

Peter Brekhus, Brekhus, Williams, Wester & Hall, Greenbrae, Cal., for plaintiff.

James Wagstaffe, Cooper, White & Cooper, Sinclair Kerr, Sonnenschein, Nath & Rosenthal, San Francisco, Cal., for defendants.

### MEMORANDUM AND ORDER

WEIGEL, District Judge.

#### I. *Summary of Facts and Claims.*

This case centers upon a local land-use planning dispute in Marin County, California. Plaintiff alleges that he is attempting to build a home on property in Belvedere and that the City of Belvedere recently denied his application for "a floor area ratio exception, and revocable license and variance to front and side yard setbacks." Subsequent to the denial, plaintiff filed a petition in Marin County Superior Court for writ of mandate and complaint for damages and declaratory relief. In the complaint, plaintiff contends that the City, its Council and the individual members of the Council violated his civil rights under 42 U.S.C. § 1983 by discriminating against him in violation of the equal protection clause of the federal constitution. Plaintiff further contends that, by denying his application, defendants have abused their discretion, causing a lowering of his property value and a temporary taking of his property in violation of the federal constitution.

Plaintiff also seeks the following relief under state law: (1) a writ of mandate under California Code of Civil Procedure §§ 1094.5 and 1085 directing defendants to set aside and reconsider their denial of his application for an exception to the maximum floor area provision of the Belvedere Zoning Code, (2) an order restraining defendants from giving effect to such denial pending judgment, (3) a declaration that defendant's action in denying plaintiff's application was arbitrary and capricious, an abuse of discretion, a denial of due process and therefore void, and (4) damages according to proof at trial.

On March 5, 1990, defendants removed plaintiff's complaint to this Court pursuant to 28 U.S.C. § 1441(b) on the ground that claims stated therein arise under federal law. Plaintiff now moves to remand, arguing that defendants improperly removed this action. Plaintiff also seeks sanctions against defendants in the form of fees, costs, and expenses he has incurred as a result of removal. Defendants now move to dismiss or, in the alternative, for summary judgment.

#### II. *Discussion.*

Defendants move to dismiss or for summary judgment, arguing essentially that plaintiff has failed to state a claim or that no dispute as to material facts exists and they are entitled to judgment as a matter of law. Plaintiff has, however, sufficiently stated claims for an improper taking of his property and for discrimination in violation of his federal constitutional right to equal protection. In addition, factual disputes underlying the propriety of defendants' de-

nial of his variance application, and defendants' granting of such applications to other parties make summary judgment improper at this time. Further, defendants are not entitled to summary judgment at this time because the nature and extent of plaintiff's rights regarding his property and variance application are unclear since the state court has not yet addressed them.

■ Defendants ask the Court, in the event it finds dismissal or summary judgment improper, to abstain from the action under the doctrine originating in *Railroad Comm'n v. Pullman*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). *Pullman* abstention allows a court to postpone exercise of federal jurisdiction when "a federal constitutional issue ... might be mooted or presented in a different posture by a state court determination of pertinent state law." *Sederquist v. City of Tiburon*, 590 F.2d 278, 280 (9th Cir.1978), *quoting County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 189, 79 S.Ct. 1060, 1063, 3 L.Ed.2d 1163 (1959). Abstention must ordinarily be justified by such considerations as "the desirability of avoiding unseemly conflict between the two sovereignties, the unnecessary impairment of state functions, and the premature determination of constitutional questions." *Sederquist, supra*, at 280, *quoting Martin v. Creasy*, 360 U.S. 219, 224, 79 S.Ct. 1034, 1037, 3 L.Ed.2d 1186 (1959). *Pullman* abstention, in particular, is appropriate when: (1) the complaint touches a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open; (2) such constitutional adjudication can be avoided if a definitive ruling on the state issue would terminate the controversy; and (3) the possibly determinative issue of state law is doubtful. *Sederquist, supra*, at 281; *Rancho Palos Verdes Corp. v. City of Laguna Beach*, 547 F.2d 1092 (9th Cir.1976); *Canton v. Spokane School Dist.*, 498 F.2d 840, 845 (9th Cir. 1974).

■ The parties agree that the considerations necessary for *Pullman* abstention are present in this case.[1] Further, relevant Ninth Circuit authority addressing similar land-use issues in cases in which constitutional claims were also asserted supports the propriety of applying *Pullman* abstention here. *Sederquist, supra. See also Pearl Inv. Co. v. City & County of San Francisco*, 774 F.2d 1460, 1464 (9th Cir. 1985); *Rancho Palos Verdes, supra*. Accordingly, the Court abstains under the *Pullman* doctrine.

■ Plaintiff contends that, pursuant to abstaining under *Pullman*, the Court should remand the entire action to state court.[2] Defendants, however, contend that the Court should not remand plaintiff's federal claims. Whether the Court, pursuant to abstaining under *Pullman*, should remand the federal claims in plaintiff's removed complaint presents a question not heretofore addressed.[3] Courts have invoked *Pullman* abstention in many cases in which the plaintiff has initially brought suit in federal court, but this Court has not located a case where a court has abstained under *Pullman* following removal of the action from state court. Conventionally, in cases filed initially in federal court, a court finding *Pullman* abstention appropriate stays the federal action pending adjudication of the state issues in state court, and retains jurisdiction over the federal claims. *See Pullman, supra*, at 501–02; *Isthmus Landowner's Association v. State of California*, 601 F.2d 1087, 1090 (9th Cir.1979). Adjudication of the state claims then requires the initiation of state proceedings by the plaintiff. *See Pullman, supra*, at 502;

**1.** Defendants' Memorandum in Support at 17–18; Plaintiff's Memorandum in Opposition at 2–3.

**2.** Plaintiff bases its contention on *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), arguing that that case indicates that abstention provides a basis for remand. The Court is not persuaded that *Carnegie-Mellon* supports plaintiff's contention.

In any event, because, as discussed below, the Court finds remand appropriate on other grounds, the Court does not rely on *Carnegie-Mellon*.

**3.** The parties, at least, have presented no authority where a court addressed this issue, nor has the Court been able to locate any.

*Stearns v. Estes*, 504 F.Supp. 998, 1002 (C.D.Cal.1980). Following such adjudication, the plaintiff may then return to federal court to have his federal claims decided if they have not been mooted by the state proceeding. *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 421–22, 84 S.Ct. 461, 467–68, 11 L.Ed.2d 440 (1964); *Sederquist, supra.*

Thus, if the plaintiff in the action at bar had filed his complaint in federal court, the Court would abstain, stay the action pending determination of the state law issues, retain jurisdiction, and the plaintiff would be required to initiate a state proceeding to have his state claims adjudicated. Plaintiff, however, filed his complaint in state court and defendants then removed. It, thus, seems inequitable for the Court now, because it finds abstention appropriate, merely to stay the action and not remand because such action would require plaintiff to initiate yet another state lawsuit. Defendants, however, complain that if the Court were to remand the entire action to state court, they would lose their statutory right under 28 U.S.C. § 1441(b) to have plaintiff's federal claims adjudicated by a federal district court.[4] The Court, however, does not consider remand of the entire action, including plaintiff's federal claims, to foreclose defendants' right because defendants may preserve their right to federal district court adjudication of plaintiff's federal claims by making a reservation on the state court record. *England, supra,* at 421, 84 S.Ct. at 467–68. The Supreme Court has expressly provided that a defendant may make an *England* reservation to preserve its right to litigate federal claims in federal district court. *Id.* at 422 n. 13, 84 S.Ct. at 468 n. 13. Therefore, the Court finds that remanding plaintiff's federal claims will not forclose defendants' right to federal court adjudication of those claims if defendants make the necessary *England* reservation on the state court record. Accordingly, the Court finds remand of the entire action proper.

 Plaintiff also seeks sanctions against defendants for improper removal. Plaintiff argues that, since he was seeking to exhaust his state remedies in state court prior to removal, it was improper for defendants to remove and now to argue in their motion to dismiss that plaintiff's takings claim should be dismissed as not ripe because plaintiff has not exhausted his state court remedies. Plaintiff also argues that defendant's removal was improper because defendants now state in their motion to dismiss that abstention by the Court is warranted. Defendants' removal of the complaint was proper, however, because defendants do not challenge for lack of ripeness plaintiff's federal civil rights claim under 42 U.S.C. § 1983 for violation of his right to equal protection. Further, because defendants acknowledge the appropriateness of abstention only if the Court denies their motion to dismiss or for summary judgment, their removal in order to bring that motion was proper. Therefore, plaintiff is not entitled to sanctions.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss or, in the alternative, for summary judgment is DENIED;

(2) The Court ABSTAINS and REMANDS the action to the Superior Court of the State of California in and for the County of Marin, but the Court retains jurisdiction to address plaintiff's federal claims involved herein, if defendants, in the state court proceeding make an *England* "reservation," 375 U.S. at 421, 84 S.Ct. at 468, and such claims are not mooted in the state court proceeding.

---

**4.** 28 U.S.C. § 1441(b) provides, in pertinent part:

> Any civil action of which the district courts have original jurisdiction founded on a claim

or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.