**CAPITOL HILL HOSPITAL, Plaintiff,**

v.

**The DISTRICT OF COLUMBIA, et al., Defendants.**

**Civ. A. No. 91–0358.**

United States District Court, District of Columbia.

Aug. 9, 1991.

Daley Temchine, Epstein, Becker & Green, Washington, D.C., for plaintiff.

Nancy Jare Smith, Office of Corp. Counsel, Washington, D.C., for defendants.

MEMORANDUM OPINION

SPORKIN, District Judge.

Plaintiff Capitol Hill Hospital (the "Hospital") filed this action for equitable and declaratory relief against the District of

Columbia, the District State Health Planning and Development Agency ("SHPDA") and various city officials. The District has moved to dismiss or in the alternative for summary judgment. After oral argument on this motion, this Court finds that defendants' motion should be granted and this complaint should be dismissed.

The Hospital is a privately held, non-profit hospital located in Northeast Washington, D.C. It is a participant in the Medicaid program, providing medical services to Medicaid recipients and receiving payment directly from the District. Since its 1987 fiscal year, the Hospital has suffered substantial operational losses continuing into 1991.

The Hospital makes two claims. The first is that the District has failed to accord with its duty under the Boren Amendment, 42 U.S.C. § 1396a(a)(13)(A), to provide for payment rates under its Medicaid plan that are "adequate to meet the costs which must be incurred by efficiently and economically operated hospital facilities." The Hospital also alleges that this failure amounts to an unconstitutional taking, because the Hospital has been forced to operate for inadequate compensation.

According to the Hospital, the Department of Human Services Office of Health Care Financing ("OHCF"), the agency responsible for setting the District's rates for Medicaid reimbursement, has failed to make any adjustment in its Medicaid plan to reflect inflation in hospital operational costs and expenses since 1987. The Hospital argues that available inflation data indicates that the Medicaid payment rate must be increased by approximately 20% to 30% if it is to remain reasonable and adequate.

The District points out that the Hospital has the right, under 42 C.F.R. 447.253(c) and 22 D.M.C.R. 1309, 1310, and 1311, to pursue an administrative review of any dispute with the OHCF's determination of reimbursement rates. In such a proceeding, the Hospital is provided with the opportunity to challenge the rates set and to introduce evidence and argument with respect to such rates. OHCF's response to this challenge is appealable by the Hospital to the D.C. Board of Appeals and Review. In turn, any decision of this administrative board is appealable to a court of record.

The Hospital has failed to take advantage of its administrative challenge, despite the fact that the OHCF has signalled its willingness to consider the Hospital's arguments. This Court finds that although the Hospital does have the right to sue under 42 U.S.C. § 1983, *see Wilder v. Virginia Hospital Ass'n*, —— U.S. ——, 110 S.Ct. 2510, 110 L.Ed.2d 455 (1990), the Hospital should proceed with its administrative challenge and, if necessary, return to the court system after the resolution of these issues.

■ The OHCF is best equipped to consider the complicated nature of the Hospital's challenge. The agency has experience in setting rates and in considering the appropriateness of such rates, as well as a familiarity with the costs of hospital services and operations. While this Court would have the jurisdiction to hear plaintiff's claim, it believes the prudent course to follow is to defer in the first instance to the administrative agency with the experience and expertise to review such matters. Under the doctrine of primary jurisdiction, it is appropriate for a court to withhold its jurisdiction pending the referral of the issues to the administrative body with the appropriately specialized knowledge.

This procedure also helps ensure that there will be a uniformity of regulation. Rate setting has been left to the special competence of OHCF. It is preferable that this one central and specialized agency set rates, rather than various courts. The courts are not designed to be an alternative body for administering regulations. The role of the courts is to ensure that justice is served by the agency's carrying out its mandate appropriately. *See, e.g. Kapplemann v. Delta Airlines, Inc.*, 539 F.2d 165 (D.C.Cir.1976).

Accordingly, Counts I and II, plaintiff's claims concerning the propriety of the District's Medicaid rates will be dismissed without prejudice.

■ The Hospital's second claim is premised on the basis that there has been an

improper taking of its property by the District of Columbia in violation of the Fifth Amendment of the United States Constitution. Over a substantial period of time, the Hospital had experienced losses due to the unprofitability of its acute care services, such as the emergency room, the intensive care service, and the medical/surgical bed service. In the first week of October, 1990, the Hospital concluded that it could no longer afford to operate its acute care services and decided to phase them out.

The Hospital accordingly submitted an application to SHPDA for a Certificate of Need ("CON") to convert its acute care beds to long-term skilled nursing beds. SHPDA replied that no CON was necessary in order to make this change. In mid-November 1990, a suit was filed in the Superior Court of the District of Columbia against the District by the Coalition to Save Capitol Hill Hospital, a non-profit, private public interest group, to prevent the closing of the Hospital's acute care services. The basis of the suit was that SHPDA had erred in its interpretation of the applicable regulations and that the Hospital should not be allowed to convert its acute care beds without applying for a CON. The Hospital was not a party to the suit.

Although SHPDA contested the action, the Superior Court issued a preliminary injunction directing SHPDA to require the Hospital to obtain a CON before closing out its acute care services. Pursuant to the court's order, on December 18, 1990, SHPDA sent a letter to the Hospital requiring that it obtain a CON and that it continue to maintain its acute care services until the CON procedures were complete. No appeal of the order was taken by SHPDA.

In compliance with SHPDA's directive, the Hospital maintained its acute care services, even though, in doing so, it incurred a loss of more than $30,000 a day. According to the Hospital, requiring the Hospital to operate its acute care services at a loss comprised an improper taking under the Fifth Amendment of the Constitution. An enterprise can be compelled to provide a service to the public only if it receives a "fair return" from the public. *Railroad Comm'n v. Eastern Texas R.R.*, 264 U.S. 79, 85, 44 S.Ct. 247, 249, 68 L.Ed. 569 (1924).

The Hospital also contends that SHPDA's mandate amounted to a new legal requirement which was created without compliance with the administrative and hearing requirements of District law. Accordingly, the Hospital argues, the District violated the Hospital's due process rights.

The District vigorously disputes these claims. It points out that SHPDA's actions were mandated by a court order which the District could not ignore. This Court declines to reach that issue, or to involve itself in this ongoing litigation. This controversy is being litigated in Superior Court, and this Court will abstain from interfering with that process.

On December 21, 1990, the Hospital filed a complaint in Superior Court, Civil Action No. 90–14863, which was amended on December 24, 1990. In that complaint, the Hospital seeks a declaratory judgment that the SHPDA's mandate to the Hospital requiring it to apply for a CON and to retain its acute care service until its receipt of the CON was an unconstitutional taking of private property without compensation in violation of the Fifth Amendment to the United States Constitution. The Hospital sought preliminary relief, which was denied, but this action is still pending, and has been consolidated with the original Superior Court action brought by the Coalition to Save Capitol Hill Hospital. Appeals of the orders regarding preliminary relief in both cases are pending.

The same substantive issues that are raised before this Court are presently pending before the Superior Court. In deciding whether the Hospital can be forced to stay open, the Superior Court has before it the constitutional issues that have been raised here, and these issues will be considered in the ongoing litigation in due course. The only real distinction between the two cases is in the relief sought. In the instant action, the Hospital seeks compensation for the allegedly unconstitutional taking, whereas in the Superior Court action, the Hospital seeks injunctive relief. The un-

derlying issues to be resolved are none the less identical. This Court cannot discern a compelling rationale to intervene in this litigation and interfere with the orderly judicial process that is ongoing in Superior Court.

 At this stage in the Superior Court litigation, this Court declines to interfere and risk preempting the Superior Court's determination of the issues. This decision is in keeping with the abstention doctrine. The doctrine of abstention, as developed in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny, strongly discourages federal court interference with pending state judicial proceedings, absent extraordinary circumstances. There are no circumstances in this case that mandate this Court's involvement.

In fact, this case satisfies all three of the significant factors to be considered in a federal court's decision to abstain. There must be ongoing state proceedings which are judicial in nature; the proceedings must implicate important state interests; and the proceedings must provide an adequate opportunity to litigate plaintiff's claims. In this case, there is an ongoing action in Superior Court, and that court is certainly of competent jurisdiction to litigate all of plaintiff's constitutional claims. The Hospital has had an opportunity to present all its constitutional claims in Superior Court, and it continues to have that opportunity.

The issues raised by plaintiff certainly implicate important issues for the District. The District has a strong interest in clarifying the constitutional issues that arise in the closings of its hospitals and other quasi-public institutions. Moreover, the claims raised by the Hospital directly implicate the question of whether the District is free to disregard a Superior Court order, where obeying that order might be unconstitutional. This is an important case for the District, which it clearly wants resolved.

The Hospital argues that abstention is not appropriate because this Court is not being asked to enjoin the state proceedings or in any way interfere with them, but simply to decide the issue of compensation for the alleged taking by SHPDA. This argument is without merit. To decide the issue of compensation, this Court would necessarily have to consider the constitutional questions which are currently before Superior Court, and that court would be bound by this Court's determination. The Superior Court should be permitted to decide the action before it. That court is equally capable of safeguarding litigants' constitutional rights. Accordingly, Counts III and IV will be dismissed.