**Alfred RODRIGUES, Plaintiff,**

v.

**COUNTY OF HAWAII and Norman K. Hayashi, Defendants.**

Civ. No. 92–00427 ACK.

United States District Court, D. Hawaii.

June 7, 1993.

Sandra Pechter Schutte, Stephen K. Yamashiro, Hilo, HI, for plaintiff.

Richard D. Wurdeman, Joseph M. Kamelamela, Anson K. Lee, Corp. Counsel, Hilo, HI, for defendants.

## ORDER DISMISSING COMPLAINT ON THE BASIS OF YOUNGER ABSTENTION

KAY, Chief Judge.

### BACKGROUND

In this action, Plaintiff Alfred Rodrigues challenges certain actions taken by the County Planning Director in prohibiting him from building his commercial building within an undefined future road widening setback area on his property. Plaintiff initially brought suit in state court. The complaint alleges violations of 42 U.S.C. § 1983, substantive due process and "takings" claims based on

both federal and state constitutions, and several state causes of action including HRS § 46–6, and failure to promulgate rules pursuant to Chapter 91 of the Hawaii Revised Statutes. Defendant removed the case to this Court in a proper and timely manner. Plaintiff now seeks to have the case remanded to state court on grounds of *Pullman* abstention.

As discussed below, the Court finds that abstention is appropriate in this case under the *Younger* doctrine. Accordingly, the Court will dismiss Plaintiff's case without prejudice. In the alternative, the Court finds that abstention is appropriate under *Pullman.*

### FACTS

Plaintiff owned a commercially zoned parcel of land situated at Waiakea, Hawaii. The property fronts a major thoroughfare in Hilo, and is bounded by two substandard streets constructed in the 1940's, Derby Street and Wilson Street.

On or about April 19, 1991, Plaintiff submitted an application to Defendant Hayashi to consolidate his property, consisting of nine separate parcels, into one lot containing an area of 14,830 square feet in order to permit Plaintiff to construct a commercial building on the property. Plaintiff also submitted building plans to Hayashi seeking plan approval pursuant to Section 25–214 of the Hawaii County Zoning Code for the commercial building to be constructed on the property.

As a condition of the consolidation of his property and the plan approval of his building, Plaintiff was required to designate a ten-foot wide future road widening setback along Derby Street and Wilson Avenue, and a corner setback of 30 feet from the intersection of these two streets. According to Plaintiff, these setbacks had never been depicted on any County zoning map. As a result, Plaintiff was forced to construct a building on his property that was substantially smaller than he had originally intended, and claims that he has lost income that would have been derived from a larger building. Plaintiff filed an appeal of the County's action to the County's Board of Appeals. According to

Defendants, at that hearing, the Board found that the setback along Derby Street was voluntarily imposed by Plaintiff at the time of his application.

On June 12, 1992, Plaintiff filed two lawsuits in state court. The first case, civil number 92–00248, seeks a reversal of the Board's decision. In addition, the complaint alleges violations of 42 U.S.C. § 1983, substantive due process and the "takings" clause of the federal and state constitutions, as well as various state causes of action. The second case, civil number 92–249, contains constitutional and statutory claims that are identical to those of civil number 92–248, except that it does not appeal the Board's decision, and it adds a claim of negligence. On July 8, 1992, Defendants filed a notice of removal of Civ. No. 92–249 to this Court. Defendants did not seek the removal of Civ. No. 92–248 and that case is presently pending in the State Third Circuit Court.

### DISCUSSION

A. Younger Abstention

■ Although the parties have not raised or briefed this issue, the Court finds that this case falls squarely under *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). In *Younger,* the plaintiff brought suit under 42 U.S.C. § 1983 to enjoin a criminal prosecution against him on the grounds that the criminal statute was unconstitutional. The Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances such as bad faith, harassment or a biased state judiciary. *Id.,* 401 U.S. at 53–57, 91 S.Ct. at 755.

The *Younger* doctrine espouses a "strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). "The policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecu-

tions." *Champion International Corp. v. Brown,* 731 F.2d 1406, 1408 (9th Cir.1984) (citing *Younger v. Harris,* 401 U.S. at 44, 91 S.Ct. at 750).

Although the *Younger* case involved criminal proceedings, the doctrine has been extended to proceedings other than criminal cases. *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 431–32, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The Supreme Court has stated clearly that concerns of comity and federalism are fully applicable to civil proceedings in which important state interests are involved. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.,* 477 U.S. 619, 627–29, 106 S.Ct. 2718, 2723, 91 L.Ed.2d 512 (1986).

In deciding whether *Younger* abstention applies, the Ninth Circuit applies the three-pronged test outlined by the Supreme Court in *Middlesex:* (1) the state proceedings are ongoing, (2) the proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions. *Fresh International Corp. v. Agricultural Labor Relations Board,* 805 F.2d 1353, 1357–58 (9th Cir.1986) (citing *Middlesex,* 457 U.S. at 432, 102 S.Ct. at 2521).

In the case at bar, all of these requirements are met, and abstention is therefore warranted under the *Younger* doctrine. First, Plaintiff has a separate action, civil number 92–248, that is currently pending in state court.

Second, the state proceedings implicate important state interests. Plaintiff challenges the County's actions in imposing and enforcing setback requirements, and in denying his application for a building permit. The Ninth Circuit has consistently ruled that land use planning is a "sensitive issue of social policy." *Pearl Inv. Co. v. City and County of San Francisco,* 774 F.2d 1460, 1463 (9th Cir. 1985). The Ninth Circuit has also ruled that states have an important interest in enforcing zoning ordinances. *World Famous Drinking Emporium v. City of Tempe,* 820 F.2d 1079, 1082–83 (9th Cir.1987). Therefore, the Court finds that the state proceedings implicate important state interests under *Younger. See also, Capital Hill Hospi-*

*tal v. District of Columbia,* 769 F.Supp. 16 (D.C.Colo.1991) (action for compensation for an allegedly unconstitutional taking implicates important state interests under *Younger* ); *Duty Free Shop, Inc. v. Administracion De Terrenos,* 889 F.2d 1181, 1182 (1st Cir.1989) (important state interests involved in eminent domain proceedings).

Finally, Plaintiff has an adequate opportunity in state court to litigate the constitutional issues in this case. The action that is currently pending in state court, Civil Number 92–248, contains the very same constitutional claims that are the subject of this suit. Indeed, the complaints in the two actions contain identical language in alleging violations of § 1983, substantive due process and "takings."

Because *Younger* abstention is warranted in this case, the Court will dismiss Plaintiff's complaint without prejudice. *See, Beltran v. State of California,* 871 F.2d 777, 782 (9th Cir.1989) (*Younger* abstention requires dismissal of the federal action).

**B. Plaintiff's Motion to Remand**

▮ As an alternative ruling, the Court finds that abstention is warranted under *Pullman.* When a federal court abstains under *Pullman* it retains jurisdiction over the case while remanding the state issues to state court. In contrast, *Younger* abstention requires dismissal of the case. *World Famous Drinking Emporium v. City of Tempe,* 820 F.2d 1079, 1081 (9th Cir.1987) ("When a case falls within the proscription of *Younger,* a district court must dismiss the federal action"). Application of the *Younger* doctrine is absolute, whereas *Pullman* abstention is discretionary. *Fresh International Corp. v. Agricultural Labor Relations Board,* 805 F.2d 1353, 1356 n. 2 (9th Cir.1986); *World Famous Drinking Emporium v. City of Tempe,* 820 F.2d 1079, 1081 (9th Cir.1987). Therefore, although the Court finds that both *Younger* abstention and *Pullman* abstention apply in this case, the Court will dismiss under *Younger* rather than stay the case under *Pullman.*

### 1. *timing of the motion to remand*

■ As an initial matter, the Court rejects Defendants' argument that Plaintiff's motion for remand is untimely. Specifically, Defendant claims that the remand is untimely because it was not brought within the 30–day period required by 28 U.S.C. § 1447(c). This provision reads as follows:

A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

However, the Court finds that abstention-based remand is not subject to the 30–day limitation imposed by section 1447(c). The 30–day limitation was inserted into the statute in a 1988 amendment. In explaining the purpose of the amendment, the House Report states:

So long as the defect in removal procedure does not involve a lack of federal subject matter jurisdiction, there is no reason why either State of Federal courts, or the parties, should be subject to the burdens of shuttling a case between two courts that each have subject matter jurisdiction. H.R.Rep. No. 100–899 at 72, U.S.Code Cong. & Admin.News 1988, pp. 5982, 6033.

One reading of the report is that the statute distinguishes between cases removed without subject-matter jurisdiction, which may be remanded at any time before final judgment, and others, which may be remanded only if a motion is made within 30 days of removal. *See Rothner v. City of Chicago,* 879 F.2d 1402, 1421 (7th Cir.1989) (Easterbrook dissenting). Several Fifth Circuit decisions define "any defect in removal procedure" very broadly as including "any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original subject matter juris-

diction." *Baris v. Sulpicio Lines, Inc.,* 932 F.2d 1540, 1544–45 (5th Cir.1991); *In re Shell Oil Co.,* 932 F.2d 1518, 1522 (5th Cir. 1991) ("any defect in removal procedure" includes "all non-jurisdictional defects existing at the time of removal"). Under this reading, remands based upon abstention would be subject to the 30–day rule, since abstention is not based on subject matter jurisdiction.

A more plausible reading of § 1447(c) is that it only applies to remands based upon procedural defects, with "procedural defects" defined somewhat more narrowly. *See Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207 (3d Cir.1991) (motion to remand based on a forum selection clause was not covered by the time limit of § 1447(c) because the existence of a forum selection clause was not a "defect in removal procedure").

The Eighth Circuit has concluded that abstention is not a "procedural defect" and thus is not subject to the time limit of section 1447(c). *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497 (8th Cir.1992). The *Melahn* court reasoned that the plain meaning of "procedural defect" would seem to exclude abstention. Under this reading, abstention is a ground for remand separate and apart from the "procedural defects" referred to in section 1447(c).[1] The view that abstention-based remand is independent from section 1447(c) has been adopted by several courts, including the Ninth Circuit. *See Bennett v. Liberty National Fire Ins. Co.,* 968 F.2d 969 (9th Cir.1992) ("district court remanded on abstention grounds rather than the grounds enumerated in § 1447(c)"); *IMFC Professional v. Latin Am. Home Health,* 676 F.2d 152 (5th Cir.1982) (abstention doctrine is a source for discretionary remand apart from section 1447(c)); *Fox v. Custis,* 712 F.2d 84 (4th Cir.1983); *Hofbauer v. Northwestern Nat. Bank of Rochester,* 700 F.2d 1197 (8th Cir.1983). On the basis of these decisions, as well as the language of the statute, the Court finds that abstention is not a procedural de-

---

1. Additional support for this result is found in the Commentary to the 1988 Revision of the statute. The Commentary explains:

The only reason for the inclusion of the phrase "any defect in removal procedure"—since the amendment could have been simply phrased to

impose the 30–day limit on all remand motions except one based on subject matter jurisdiction—is to avoid a construction that might prevent the court from making later remands in other than "procedural defect" situations. 28 U.S.C.A. 1447(c) (Commentary).

fect, and is therefore not subject to the time limitation imposed by section 1447(c). *See also Ganz v. City of Belvedere*, 739 F.Supp. 507 (N.D.Cal.1990).

### 2. *abstention is warranted*

■ Having determined that Plaintiff's motion is not barred by the time limitation of section 1447(c), the Court is free to consider Plaintiff's motion. Plaintiff's motion for remand is based upon the *Pullman* doctrine, which counsels that federal courts should abstain from deciding a case when state law is uncertain and a state court's clarification of state law might make a federal court's constitutional ruling unnecessary.

Pullman abstention takes its title from *Railroad Commission of Texas v. Pullman Company*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941). In *Pullman*, the Texas Railroad Commission issued a regulation ordering that a conductor, and not just a porter, be carried on sleeping cars. In Texas, at the time, conductors were white and porters were black. The commission's regulation was challenged as unconstitutional racial discrimination. Additionally, a pendent state law claim alleged that the railroad commission lacked legal authority under Texas law to issue the regulation. The district court found that the Texas statutes did not authorize the order, and issued an injunction against enforcement of the order without reaching the constitutional question.

The Supreme Court ruled, however, that the district court should not have reached the merits at all. Instead, the district court should have retained the case on its docket until the state courts, in a state proceeding, had decided whether the railroad commission's order was within the powers delegated to it. The Court said that it was unclear under Texas law whether the commission had authority to issue the rule, and that the state courts should be given the opportunity to clarify the law. If the state court ruled in favor of the plaintiffs, holding that the commission acted improperly in promulgating the regulation, then the matter would be resolved. However, if the state court upheld the regulation, then the matter could return to federal court for a determination of the constitutional issue. The Court held that where state law is uncertain and a clarification of state law might make a federal court's determination of a constitutional question unnecessary, the federal court should abstain until the state court has had an opportunity to resolve the uncertainty as to state law.

■ The Ninth Circuit has adopted a three-part test to determine whether *Pullman* abstention is warranted: (1) the complaint must touch a sensitive area of social policy upon which the federal courts ought not to enter unless no alternative to its adjudication is open; (2) the constitutional adjudication can be avoided if a definitive ruling on the state issue would terminate the controversy; and (3) the possibly determinative issue of state law is "uncertain." *Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460 (9th Cir.1985).

### a. sensitive area of social policy

The case at bar satisfies the first prong of the test. The Ninth Circuit has frequently ruled that land use planning questions "touch a sensitive area of social policy" into which the federal courts should not lightly intrude. *Pearl* at 1463; *Kollsman v. City of Los Angeles*, 737 F.2d 830, 833 (9th Cir.1984); *C-Y Dev. Co. v. City of Redlands*, 703 F.2d 375, 377 (9th Cir.1983); *Santa Fe Land Improvement Co. v. City of Chula Vista*, 596 F.2d 838, 840 (9th Cir.1979); *Sederquist v. City of Tiburon*, 590 F.2d 278, 281 (9th Cir.1978).

### b. constitutional ruling may be avoided

The Court also finds that determination of the state law issues may determine or narrow the federal constitutional questions. A state court might invalidate the commissioner's actions as in excess of his authority under HRS § 46-6 or other state statutes and regulations, and this would obviate the need to reach the federal constitutional claims in this case. Therefore, this case meets the second prong of the *Pullman* test.

### c. state law is sufficiently "uncertain"

The third prong of the test requires the Court to consider whether the state law is sufficiently uncertain. The Supreme Court

has held that abstention is not appropriate, and state law is not to be deemed uncertain, merely because the state has not yet considered the law's constitutionality under the state's constitution. *Wisconsin v. Constantineau*, 400 U.S. 433, 439, 91 S.Ct. 507, 511, 27 L.Ed.2d 515 (1971). In *Constantineau*, the state constitutional provision at issue was identical to that of the federal constitution. The Court emphasized that abstention is not appropriate merely to give state courts the chance to decide an issue first. *See also Zwickler v. Koota*, 389 U.S. 241, 251, 88 S.Ct. 391, 397, 19 L.Ed.2d 444 (1967). In the decision of *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984), the Supreme Court stated clearly that abstention is not required for interpretation of parallel state constitutional provisions.

Federal abstention is required, however, when the state has a constitutional provision unlike any that exists in the United States Constitution and the state court's construction of that clause might make the federal court ruling unnecessary. *Reetz v. Bozanich*, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). In *Reetz*, Alaska's fishing laws were challenged as unconstitutional under the United States Constitution and as violating specific provisions of the Alaska Constitution dealing with fishing rights. The Supreme Court held that abstention was appropriate because the meaning of the unique fishing provisions in the Alaska Constitution was unclear and because the state court's ruling on these issues might obviate the need for a constitutional ruling by a federal court. *Id.*, 397 U.S. at 86–87, 90 S.Ct. at 790.

■ Thus, in reconciling *Constantineau, Midkiff*, and *Reetz*, abstention is not proper if the federal and state constitutional provisions are identical, even if a state court decision on state constitutional law grounds might render a federal court decision unnecessary. However, abstention is justified if there is a unique state constitutional provision and a state court interpretation of it

could make a federal constitutional decision unnecessary.

■ Ninth Circuit authority is in accord with the above analysis. The Ninth Circuit has held that state law might be "uncertain" because the particular statute is ambiguous, or because the precedents conflict, or because the question is novel and of such importance that it ought to be addressed first by a state court. *Pearl Inv. Co. v. City and County of San Francisco*, 774 F.2d 1460 (9th Cir.1985). In *Pearl*, the plaintiff brought suit challenging on due process grounds the procedures followed in processing and reviewing its building application. The complaint also challenged the validity of the relocation and replacement conditions imposed by the city planning commission on grounds of substantive due process, equal protection, and inverse condemnation. The district court abstained under *Pullman*. On appeal, the Ninth Circuit stated that there was "much force" to the Plaintiff's contention that the district court could have easily ascertained the established standards applied by California courts in reviewing zoning decisions and applied those standards without deferring to state adjudication. *Id.* at 1465. However, the Court affirmed the district court's decision to abstain because of its previous ruling in *Sederquist v. City of Tiburon*, 590 F.2d 278, 282–83 (9th Cir.1978). Significantly, the *Pearl* court stated that abstention solely on the basis of the inverse condemnation issue would "appear inappropriate" because the state and federal constitutional takings provisions were identical. *Id.* at 1465, n. 3, (citing *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 104 S.Ct. 2321, 81 L.Ed.2d 186 (1984)).

There are also a number of district court decisions on point.[2] In *Southwest Diversified v. City of Brisbane*, 652 F.Supp. 788 (N.D.Cal.1986), the plaintiffs complained that the city had agreed to allow a condo development to proceed and then changed its laws in a way that prevented the development from proceeding as planned. Plaintiffs contended that they had a vested right to construct the

---

**2.** Plaintiff relies heavily on *Ganz v. City of Belvedere*, 739 F.Supp. 507 (N.D.Cal.1990). However, this case is not helpful to the analysis since in

that case the parties agreed that *Pullman* abstention was necessary.

development. The court held that the vesting issue required "exploring and enunciating in an uncertain area of state law," and abstained under *Pullman*. *Id.* at 798. The court emphasized that the precedents were in conflict, and that there was "sufficient novelty to the facts and law" of the case so that it would be a matter better left to the California courts. *Id.* at 797.

In *Rooke v. Scotts Valley*, 664 F.Supp. 1342 (N.D.Cal.1987), the plaintiffs alleged that certain ordinances were violative of the "takings" clause of both the California and federal constitutions. The court held that the law was uncertain because the particular ordinances had not been adjudicated by any tribunal, and the ordinances had to be integrated in light of California's Mobile Home Residency Law, which also had not been adjudicated. The court therefore held that it could not predict with certainty whether the state court would find a regulatory taking of plaintiff's property. *Id.* at 1344.

Turning to the case at bar, the Court finds that state law is uncertain. There is no Hawaii case law regarding restrictions imposed upon consolidation actions and plan approvals. The actions taken by Defendants have not yet been constitutionally challenged. It is therefore unclear how a state court would rule on this issue.

The Court acknowledges that in this case the federal and state constitutional provisions are similar, if not identical.[3] The state constitutional "takings" provision and due process provision mimic the federal provisions.[4] Under *Midkiff, Constantineau,* and *Pearl,* it would seem that abstention based solely on inverse condemnation, or "takings," would be

inappropriate. It also appears that the same rationale would apply to Plaintiff's substantive due process claim, since the state and federal due process provisions are parallel.[5]

However, this case concerns more than just inverse condemnation and "takings." The suit contains other claims that provide a basis for abstention apart from Plaintiff's "takings" claim. Specifically, Plaintiff is bringing claims under HRS § 46-6,[6] and under Chapter 91 for failure to promulgate rules. It is unclear how a state court would resolve Plaintiff's claims under these statutes.

Additional support for remand can be found in *Burdick v. Takushi*, 846 F.2d 587 (9th Cir.1988). In *Burdick*, the court held that the question of whether Hawaii's election law prohibits write-in voting was an unsettled question of state law. The district court had treated the claim as a § 1983 claim for the deprivation of the plaintiff's right to cast a write-in ballot. The Ninth Circuit held that the district court should have abstained. The court noted that ordinarily, a plaintiff may sue state officials under § 1983 for the alleged deprivation of constitutional rights regardless of the uncertainty of state law, but that in that case, the actions of the state officials were inseparable from the state laws underlying their actions. Similarly, in the case at bar, the Court finds that the actions of Hayashi are inseparable from the regulatory framework within which the planning commission operates.

Accordingly, the Court finds, as an alternative ruling, that remand of the case would be appropriate under the *Pullman* doctrine.

---

**3.** Plaintiff cites to Article 1, section 8 as the relevant state constitutional provision. However, the Court believes that Plaintiff intended to cite Article 1, sections 5 and 20. Sections 5 and 20 are the state "takings" and due process provisions. Section 8 has nothing to do with takings or due process.

**4.** The Just Compensation Clause of the Fifth Amendment states: "[N]or shall private property be taken for public use, without just compensation." Article 1, section 20 of the Hawaii Constitution states: "Private property shall not be taken or damaged for public use without just compensation."

**5.** The Fifth Amendment of the United States Constitution states: "No person shall be ... deprived of life, liberty, or property, without due process of law." Article 1, section 5 of the Hawaii Constitution provides: "No person shall be deprived of life, liberty or property without due process of law."

**6.** Plaintiff cites to HRS § 46-6. However, the Court believes that Plaintiff is mistaken, and intended to cite to HRS § 46-4. Section 46-4 deals with zoning and enforcement authority. Section 46-6 deals with parks and playgrounds for subdivisions.

## CONCLUSION

The Court finds that abstention is appropriate in this case under the *Younger* doctrine. Accordingly, Plaintiff's case is dismissed without prejudice. In the alternative, the Court finds that remand would be appropriate under the *Pullman* doctrine.

IT IS SO ORDERED.