**Carol A. DALY; Kathy C. Burgess, individually and on behalf of others similarly situated, Plaintiffs—Appellants,**

v.

**Jeremy HARRIS, Mayor of the City and County of Honolulu; Carol Ann S. Takahashi, Director of the Department of Budget and Fiscal Services; William D. Balfour, Director of the Department of Parks and Recreation; City and County of Honolulu, Defendants—Appellees.**

No. 03–15002.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 5, 2004.

Decided Oct. 21, 2004.

James J. Bickerton, Bickerton Saunders Dang & Sullivan, Scott K. Saiki, Honolulu, HI, for Plaintiffs–Appellants.

John T. Komeiji, Gregory Y. Tom, Dan Ko Obuhanych, Esq., Watanabe Ing Kawashima & Komeiji LLP, Honolulu, HI, David Z. Arakawa, for Defendants–Appellees.

Before: FARRIS, NOONAN, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Carol A. Daly and Kathy C. Burgess appeal, individually and on behalf of others similarly situated, the district court's summary judgment in their 42 U.S.C. § 1983 action against the City and County of Honolulu and various Honolulu officials. Daly and Burgess allege that the ordinance mandating a $3.00 user fee for non-Hawaii residents 13 years of age and older entering the Hanauma Bay Nature Preserve violates both state and federal law. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Unocal Corp. v. Kaabipour,* 177 F.3d 755, 762 (9th Cir. 1999), and we affirm.

■ Hanauma Bay Nature Preserve is a place of rare natural beauty, a treasure to be cherished. The district court, with the assistance of able counsel for both sides, gave careful and thorough consideration to the issues now before us on appeal. Because the ordinance serves a significant public interest, does not attempt to limit expressive activity, and does not in fact restrict such activity any more than is necessary, we agree with the district court that it does not violate the First Amendment. *See United States v. O'Brien,* 391 U.S. 367, 377, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968). Because there is a sound and reasonable basis for requiring a small fee from nonresidents 13 and older, and because no fundamental right is thereby significantly burdened, we also agree with the district court that the ordinance violates neither the Equal Protection Clause nor the Privileges and Immunities Clause. *See Barber v. State of Hawaii,* 42 F.3d 1185, 1196–97 (9th Cir.1994); *Hawaii Boating Ass'n v. Water Transp. Facilities,* 651 F.2d 661, 664–67 (9th Cir.1981). The ordinance is rationally related to the preservation of Hanauma Bay. *See Baldwin v.*

*Fish & Game Comm'n of Montana,* 436 U.S. 371, 388–89, 98 S.Ct. 1852, 56 L.Ed.2d 354 (1978).

■ The district court also properly concluded that under Hawaii law, the proceeds of a user or service fee imposed by a municipality may be used to defray costs associated with providing the service. *See State v. Medeiros,* 89 Hawai'i 361, 973 P.2d 736, 742 (1999). The monies collected pursuant to the ordinance were wrongfully expended, not wrongfully collected. The district court properly severed and struck the one provision of the ordinance that violated the law. *See State v. Bloss,* 62 Haw. 147, 613 P.2d 354, 358 (1980).

Abstention was not appropriate because Hawaii law is not uncertain on the key issues raised, and the district court reasonably interpreted state law. *See Burdick v. Takushi,* 846 F.2d 587, 588 (9th Cir.1988). Moreover, Plaintiffs never argued for abstention or certification of the state-law issues at the trial level. *See Commonwealth Utils. Corp. v. Goltens Trading & Eng'g PTE Ltd.,* 313 F.3d 541, 548 (9th Cir.2002) (requiring "particularly compelling reasons" to justify a request for certification that is made for the first time on appeal by a movant who lost on the issue at the trial level).

Each party shall bear its own costs on appeal.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.