**MOHEB, INC. d/b/a Mr. Moe's, Plaintiff,**

**v.**

**CITY OF MIAMI, FLORIDA, Defendant.**

**Case No.: 10–22327–CV.**

United States District Court, S.D. Florida.

Dec. 16, 2010.

Louis J. Terminello, Terminello & Terminello, P.A., Miami, FL, for Plaintiff.

Julie Ofelia Bru, Christopher Allan Green, Miami City Attorney's Office, Miami, FL, for Defendant.

## ORDER REMANDING CASE TO STATE COURT; CLOSING CASE

ALAN S. GOLD, District Judge.

THIS CAUSE is before the Court on Defendant's Motion for Judgment on the

Pleadings, [ECF No. 6], and on the Parties' submissions regarding the applicability of the *Pullman* abstention doctrine to these proceedings. [ECF Nos. 10, 11]. Oral argument was held on these issues on December 3, 2010. For the reasons provided at oral argument and discussed in further detail below, I remand the case to state court, including the Defendant's Motion for Judgment on the Pleadings. [ECF No. 6].

## I. BACKGROUND

This is an action regarding the application of a local zoning ordinance to a local business. Moheb, Inc. d/b/a Mr. Moe's ("Plaintiff") operates a business serving alcohol and food in what is known as the "S D–2" Coconut Grove Commercial District or the "Transect Zone 5." [ECF No. 1–2 at 1]. In 2002, Plaintiff filed and the City of Miami ("Defendant") approved an application for Defendant to become a "S upper Club" by "Special Exception." [*Id.* at 1–2]. At the time, Sec. 4–3, Code of the City of Miami permitted "S upper Clubs" in all commercial zones in Miami to sell alcohol between 7:00 am and 5:00 am. [*Id.* at 2]. On February 14, 2008, Defendant enacted Ordinance No. 12973, which amended Sec. 4–3 and changed the hours of alcohol sales for "S upper Clubs" in Commercial Zone "S D–2" by requiring such clubs to cease alcohol sales at 3:00 am rather than at 5:00 am. [*Id.* at 3; ECF No. 18 at 2].

On February 17, 2009, Plaintiff filed suit in state court against the Defendant ("*Moheb I*") seeking declaratory relief concerning its right to conduct business as a restaurant with a "S upper Club Special Exception."[1] On September 1, 2009,

---

**1.** *Moheb I* was styled *Moheb, Inc., a Florida Corporation, d/b/a Mr. Moe's vs. City of Miami,* *Florida,* Case No. 09–12374 CA (21) (Fla.Cir. Ct.2009).

Plaintiff voluntarily dismissed its lawsuit against Defendant with prejudice. [ECF No. 3–2].

On April 15, 2010, Plaintiff filed a new three-count Complaint in state court against Defendant, seeking relief from the effects of these 2008 amendments to Sec. 4–3 of the Miami Code of Ordinances. On June 23, 2010, the Plaintiff filed an Amended Complaint, which added a fourth count asserting that the amendment to Sec. 4–3, as applied, arbitrarily discriminates against Plaintiff in violation of the equal protection clauses of both the Florida and U.S. Constitutions.[2] [ECF No. 1–2]. Based upon the federal constitutional claim contained in Count IV of the Amended Complaint, the Defendant removed the instant action to this Court. [ECF No. 1].

On July 16, 2010, Defendant filed an Answer in which it raised several affirmative defenses, including failure to state a claim, *res judicata* and the doctrine of splitting causes of action, waiver, estoppel, and valid exercise of police powers. [ECF No. 3]. In relation to the defenses of waiver and estoppel, Defendant submitted copies of a "Declaration of Restrictions" dated February 6, 1992, and an "Amendment to Declaration of Restrictions" dated August 20, 2009, in which Plaintiff "agreed to be bound to the time limitations governing the sale of alcohol as provided in Section 4–3(a)(6) of the City of Miami Code of Ordinances." [ECF No. 3 at 4; ECF Nos. 3–1, 3–3].

On August 13, 2010, Defendant moved for Judgment on the Pleadings based on several of its affirmative defenses. [ECF No. 6].[3] On August 18, 2010, I issued an order requesting short memoranda by the Parties regarding the applicability of the *Pullman* abstention doctrine to this case, which the Parties submitted on August 26, 2010. [ECF Nos. 8, 10, 11].

## II. DISCUSSION

The primary question in this case—what effect a city ordinance provision and a covenant relating to that provision have on a business in the city—is not a federal question. Accordingly, I conclude that remand to state court under the *Pullman* abstention doctrine is proper.

*Pullman* abstention is appropriate "in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law." *Abell v. Frank,* 625 F.2d 653, 656–57 (5th Cir.1980). The rationale for the doctrine is that a federal court should "avoid an unnecessary federal constitutional decision [where] state's laws … interpretation may dispose of a case short of federal constitutional scrutiny." *BT Inv. Managers, Inc. v. Lewis,* 559 F.2d 950, 953 (5th Cir.1977). The prerequisites for *Pull-*

---

**2.** In the current action, Plaintiff seeks relief under the following five counts: Count 1 (Defendant should be estopped from reducing Plaintiff's hours of operation), Count II (Defendant has deprived Plaintiff of its property through an improper taking), Count III (Declaratory Judgment that Plaintiff is entitled to sell alcohol until 5:00 am, pursuant to the 2002 "Special Exception"); Count IV (Declaratory Judgment that Defendant's ordinance denies Plaintiff equal protection under the Florida and U.S. Constitutions).

**3.** Specifically, the Defendant made the following three arguments: (1) the Declaration of Restrictions and its Amendment bar Plaintiff's claims under the doctrine of waiver and estoppel; (2) the Plaintiff has impermissibly split its causes of action by filing successive lawsuits arising from the same facts; and (3) Plaintiff failed to state a claim upon which relief can be granted because the amended ordinance curtailing the sale of alcohol in one zone of the City was a valid exercise of the City's police powers bearing a rational relation to a legitimate governmental purpose. [ECF No. 6].

*man* abstention are (1) there must be an unsettled issue of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture the federal constitutional questions raised. *Abell,* 625 F.2d at 657.

■ Applying the doctrine to the facts of this case, the first prong of the *Pullman* test is satisfied. Although the Defendant cites several cases interpreting Fla. Stat. § 562.14, which concerns the regulation of alcohol sales by municipalities,[4] neither Party has presented any case law interpreting Miami Code of Ordinances, Sec. 4–3 or otherwise argued that Florida law is settled as to this ordinance and its most recent amendments.

■ As for the second prong of the test, there is a significant possibility that a state law determination in this case will moot the one federal constitutional question raised. For example, it will be mooted if the state court finds that the Plaintiff's action is barred by the doctrine of *res judicata* or claim splitting because of *Moheb I;* if the state court concludes that the Plaintiff's claims are precluded by the existence of the "Declaration of Restrictions" or the "Amendment to Declaration of Restrictions"; if the state court determines that any other aspects of the local zoning ordinances and their various amendments trump the "Special Exception"; if the Defendant is prevented from enforcing the Declaration of Restrictions and its Amendment under state estoppel principles; or if the "Special Exception" granted to Plaintiff in 2002 exempts Mr. Moe's from the application of the ordinance amendment at issue. Simply put, the crux of this dispute involves local law issues that are best interpreted and resolved by a state court.[5]

Eleventh Circuit case law establishes a consistent pattern of abstaining under *Pullman* in cases involving constitutional challenges to zoning laws because such issues are local in nature and are better decided by state courts than by federal courts. *See, e.g., Hill v. City of El Paso,* 437 F.2d 352, 357 (5th Cir.1971) (holding that the "routine application of zoning regulations ... is distinctly a feature of local government," which presented a "classic" case for abstention under *Pullman*); *Fields v. Rockdale County Georgia,* 785 F.2d 1558, 1561 (11th Cir.1986) (citing *Hill* and noting again that "[m]atters of land use planning are primarily of local concern"); *A.B.T. v. City of Fort Lauderdale,* 664 F.Supp. 488 (S.D.Fla.1987), *aff'd,* 835 F.2d 1439 (11th Cir.1987) (holding that a federal court should "stay its hand" and abstain from adjudicating disputes focused on "property state procedures for implementing zoning ordinances, a matter which is 'primarily of local concern' "). For all of these reasons, I find abstention proper in this case.

■ Generally, a U.S. district court that abstains from reaching federal constitutional issues under *Pullman* will remand to state court but stay the federal issues pending determination of the state law questions in state court. *See Abell v. Frank,* 625 F.2d 653, 658 n. 9 (5th Cir. 1980). Often times, parallel state court proceedings are already underway when the federal court decides to abstain. *Id.* at 657–68 ("We find it particularly appropriate for us to defer decision of these consti-

---

**4.** Defendant cites these cases in its Motion to Dismiss [ECF No. 6], not in its Memorandum of Law Regarding *Pullman* Abstention. [ECF No. 11].

**5.** It is noteworthy that all of the counts raised by Plaintiff in *Moheb I,* and all of the counts contained in Plaintiff's original Complaint in this action only involved state law claims. Only in its most recent Amended Complaint did Plaintiff raise one issue invoking the U.S. Constitution.

tutional issues until such time as the state court has resolved the state law issues, in light of the fact that petitioner's motion seeking a ruling on the applicability of the new statute to his case is currently pending in the state court."). Where there are no parallel state court proceedings because a defendant removed the case to federal court, a U.S. district court may decide not to stay the federal claims but rather to remand the action in its entirety. *E.g., Administaff, Inc. v. Kaster,* 799 F.Supp. 685, 690 & n. 12 (W.D.Tex.1992) (remanding under the *Pullman* doctrine a case that had been removed to federal court); *Ganz v. City of Belvedere,* 739 F.Supp. 507 (N.D.Cal.1990) (holding that remand of an entire action that had been removed from state to federal court was proper). In this case, Defendant has removed the entire action to this Court. Therefore, I will remand the entire action to state court.[6]

Accordingly, for the reasons stated above, it is hereby

ORDERED AND ADJUDGED that

1. This case and all pending motions, including the Motion for Judgment on the Pleadings [ECF No. 6] shall be remanded to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida for further proceedings.

2. All other motions are DENIED AS MOOT and all hearings are CANCELED.

3. This case is CLOSED.

---

6. At oral argument, counsel for the Plaintiff indicated that Plaintiff may amend Count IV of its Complaint to eliminate the federal constitutional claim. *See* Hr'g Tr. Dec. 3, 2010, 14:52:40–43 ("I don't care how we get there. We just want our 5 a.m. back."). Such an amendment would prevent Defendant from making any further arguments about the need to preserve its rights to a federal court adjudication of Plaintiff's claims.