**PALMER TRINITY PRIVATE SCHOOL, INC., a Florida not for profit corporation, Plaintiff,**

v.

**VILLAGE OF PALMETTO BAY, FLORIDA, a Florida municipal corporation, Concerned Citizens of Old Cutler, Inc., and Joan Lindsay, individually, Defendants.**

Case No. 11–21822–CIV–KING.

United States District Court,
S.D. Florida,
Miami Division.

July 29, 2011.

Mitchell Edward Widom, Stanley B. Price, Bilzin Sumberg Baena Price & Axelrod, Sean Michael Cleary, Sean M. Cleary Law Offices, Miami, FL, for Plaintiff.

Jeffrey Lawrence Hochman, Hudson Carter Gill, Johnson Anselmo Murdoch Burke Piper & Hochman, P.A., Fort Lauderdale, FL, Benedict P. Kuehne, Susan Dmitrovsky, Law Office of Benedict P. Kuehne, P.A., William Tucker Gibbs, Miami, FL, for Defendants.

### ORDER OF REMAND

JAMES LAWRENCE KING, District Judge.

**THIS MATTER** is before the Court upon Plaintiff Palmer Trinity Private School, Inc.'s Motion to Remand (DE # 18), filed June 9, 2011. The Court is fully briefed in the matter.[1]

## I. Background

The heart of the above-styled case is a heated dispute about the the implementation of local zoning regulations. Plaintiff Palmer Trinity Private School, Inc. ("Palmer Trinity") is a private Episcopal school that owns property located at 7900 S.W. 176th Street, Palmetto Bay, Florida. In 2006, Palmer Trinity filed a zoning application to rezone its property so that it could expand the school. After holding a public hearing, Defendant Village of Pal-

---

1. Defendant Village of Palmetto Bay filed a Response to Plaintiff's Motion to Remand (DE # 27) July 1, 2011, to which Plaintiff Replied (DE # 32) July 15, 2011. The other two De-fendants, Concerned Citizens of Old Cutler, Inc. and Joan Lindsay, did not file a Response to the Motion to Remand. The time for filing a response has now expired.

metto Bay ("the Village") denied the application.

## A. State Court Litigation

The case has a lengthy history. Over the past three years, issues related to the denial of Palmer Trinity's zoning application have been litigated extensively in the state courts. It been litigated in the Circuit Court for the Eleventh Judicial Court in and for Miami–Dade County, and has gone up on three appeals to the Third District Court of Appeal. On March 24, 2010, The Third District quashed a Circuit Court decision upholding the Village's denial of the application. *Palmer Trinity Private Sch., Inc. v. Village of Palmetto Bay,* 31 So.3d 260 (Fla. 3d DCA 2010). Specifically, the Third District found the Village engaged in "impermissible 'spot zoning' " that was "arbitrary, discriminatory, and unreasonable." *Id.* at 262–63.

In light of the Third District's decision, the Village held another hearing on the application on May 4, 2010. This time, the Village granted the application in part. The Village permitted Palmer Trinity to expand its school, but not to the extent that Palmer Trinity had requested. The Village also imposed numerous conditions that severely restricted Palmer Trinity's ability to expand in the future. Palmer Trinity appealed to the Eleventh Judicial Circuit, which found the Village's decision "is not supported by competent substantial evidence and constitutes a departure from the essential requirements of law." (DE

# 18–3). The Eleventh Circuit quashed the decision and remanded the case back to the Village for further proceedings. *Id.* At the time that Palmer Trinity filed the Motion for Remand, the Village had not complied with the court's order. (DE # 18–8). Palmer Trinity now seeks relief for alleged misconduct by the Village in denying Palmer Trinity's application, destruction of evidence during this litigation by the Village, and discrimination by the Village.

## B. Removal of the State Court Action

The Complaint in the above-styled action was filed in the Eleventh Judicial Circuit in and for Miami–Dade County on May 22, 2008. (DE # 18–9). Palmer Trinity filed a Third Amended Complaint on May 13, 2011, that included a federal statutory claim under 42 U.S.C. § 1983. (DE # 1–10). The Village removed the case to this Court on May 19, 2011. (DE # 1). Palmer Trinity moved to remand the case back to the Eleventh Judicial Circuit on June 9, 2011. (DE # 18).

As an initial matter, Palmer Trinity's Complaint is based almost entirely on claims arising under state law. (DE # 1–10).[2] Nine of the twelve claims assert state-law causes of action. *Id.* Only three counts assert federal issues at all, and the only claim asserting a pure question of federal law is Count VIII, which asserts a cause of action under 42 U.S.C. § 1983. With the exception of the § 1983 claim, all

---

2. Count I alleges that Section 1–205 of the Village's Municipal code violates the federal and Florida Constitutions, and is therefore unconstitutional on its face. Count II alleges that the Village failed to comply with the Code, and asserts a claim for damages for the Village's non-compliance with Section 1–205. Counts III and IV assert state-law claims for spoliation of evidence. Count V alleges that the Village discriminates against private schools and the discrimination is unlawful

and unconstitutional. Count VI alleges that the Village has violated the Citizens' Bill of Rights contained in the Miami–Dade County Charter. Count VII asserts a cause of action under Florida's Public Records Law. Count VIII is asserted under 42 U.S.C. § 1983. Count IX alleges a state-law claim for abuse of process. Counts X and XI are civil conspiracy claims under Florida law, and Count XII seeks punitive damages. (DE # 1–10).

of the federal constitutional issues are paired with Florida state constitutional issues. For example, Count I alleges that Section 2–106 of the Village's Municipal Code, which permits ex-parte communications by decision makers regarding the merits of a zoning hearing, violates due process under the Florida and United States Constitutions. (DE #1–10). Count V alleges discrimination that is unlawful under the Florida and United States Constitutions. The claim under 42 U.S.C. § 1983 asserts that the Village, acting under color of state law, deprived Palmer Trinity of its civil rights.

## II. Discussion

Plaintiff moves to remand, on the ground that abstention under the doctrine of *R.R. Comm'n v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) is appropriate here. Defendant contends that this case does not meet the requirements for *Pullman* abstention.

■■■ In *Pullman*, the United States Supreme Court recognized that federal courts should abstain from exercising jurisdiction where a federal constitutional question turns on an unsettled question of state law. *Pullman*, 312 U.S. at 501, 61 S.Ct. 643 (explaining the "doctrine of abstention appropriate to our federal system whereby the federal courts ... restrain their authority because of 'scrupulous regard for the rightful independence of the state governments' and for the smooth working of the federal judiciary"). Rather, in such a situation, "the federal court should stay its hand in order to provide the state courts an opportunity to settle the underlying state-law question and thus avoid the possibility of unnecessarily deciding a constitutional question." *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). The prerequisites for *Pullman* abstention are: "(1) there must be an unsettled issue

of state law; and (2) there must be a possibility that the state law determination will moot or present in a different posture the federal constitutional issues raised." *Moheb, Inc. v. City of Miami*, 756 F.Supp.2d 1370, 1372–73 (S.D.Fla.2010) (Gold, J.).

## A. Unsettled Issue of State Law

■■ One of the major constitutional issues raised by Palmer Trinity is the constitutionality, under both the Florida and United States Constitutions, of the Village's Municipal Code, Section 2–106. (DE #1–10, Count I). Section 2–106 provides that Village officials may engage in ex parte communications with anyone regarding the merits of upcoming quasi-judicial hearings, like hearings on zoning applications. Village Mun. Code § 2–106(c). The only limitation on these communications is that they must be publicly disclosed before the hearing. Village Mun. Code § 2–106(c)(4).

Count I of the Complaint alleges that Section 2–106 is unconstitutional on its face because it deprives the Village of due process under the law. The constitutionality of the Code Section is indeed cast into doubt by an opinion by a Florida District Court of Appeal, *Jennings v. Dade County*, 589 So.2d 1337 (Fla. 3d DCA 1991). The Third District found that ex parte communications by a quasi-judicial officer about the merits of a decision may violate due process. *Id.* at 1341. To determine whether a particular ex parte communication violates due process, the Third District created an evidentiary framework:

> We hold that upon proof that a quasi-judicial officer received an ex parte contact, a presumption arises ... that the contact was prejudicial. The aggrieved party will be entitled to a new and complete hearing before the commission un-

less the defendant proves that the commission was not, in fact, prejudicial. *Id.* at 1339. Section 2–106, however, creates a scheme that is directly contrary to the framework laid out in *Jennings*. By its terms, the purpose of Section 2–106 is "to eliminate the presumption of prejudice that may result from ex parte communications with village council and board members." Village Mun.Code § 2–106(a). The Code provision goes on to provide that an ex parte communication "shall not create a presumption of prejudice," so long as it is disclosed. Village Mun.Code § 2–106(c). Section 2–106 has never been interpreted by Florida courts, and it is unclear if Section 2–106 stands up to Florida constitutional scrutiny in light of *Jennings*.

### B. Effect of State Law Issues on Federal Issues

■ Abstention is warranted "where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim." *Harris County Comm'rs Court v. Moore*, 420 U.S. 77, 83, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975). "Among the cases that call most insistently for abstention are those in which the federal constitutional challenge turns on a state statute, the meaning of which is unclear under state law." *Id.* at 84, 95 S.Ct. 870. In *Harris*, the Supreme Court ordered abstention where, as here, "the uncertain status of local law stems from the unsettled relationship between the state constitution and a statute." *Id.* Moreover, "Eleventh Circuit case law establishes a consistent; pattern of abstaining under *Pullman* in cases involving constitutional challenges to zoning laws because such laws are local in nature and better decided by state courts." *Moheb, Inc. v. City of Miami*, 756 F.Supp.2d 1370, 1373 (S.D.Fla.2010) (Gold, J.) (listing Eleventh Circuit cases).

■ Palmer Trinity's claims regarding Section 2–106 turn initially on interpretation of an area of state law recognized by federal courts to be uniquely local. The remaining constitutional challenges may all be resolved under the Florida Constitution without resort to the United States Constitution. Accordingly, resolution of the unsettled questions of state law may moot the federal constitutional issues raised by Palmer Trinity's Complaint. *See, e.g., East Naples Water Sys., Inc. v. Bd. of County Comm'rs*, 627 F.Supp. 1065, 1073–74 (S.D.Fla.1986) (Marcus, J.) (ordering abstention where case involved "issues of Florida zoning and land regulation ... which are by no means clear at this point" where it was first "necessary to determine what rights Plaintiffs have under local and state law").

■ Finally, courts also consider a number of additional factors in considering abstention, including: "delay, cost, doubt as to the adequacy of state procedures for having the state law question resolved, the existence of factual disputes, and the fact the case has already been in litigation for a long time." *Duke v. James*, 713 F.2d 1506, 1510 (11th Cir.1983). All of these factors weigh in favor of abstention. This case has been actively litigated in the state courts for three years. Moving to a different forum would result in unnecessary delay and cost. The Florida courts clearly have adequate procedures for resolving these questions of state law, and have in fact already made numerous determinations of state law in several opinions entered throughout this case.

### III. Conclusion

After careful review of the record and for the foregoing reasons, it is hereby

**ORDERED, ADJUDGED and DE-CREED** as follows:

1. Plaintiff's Motion to Remand (**DE # 18**) is **GRANTED**.

2. The above-styled action is **RE-MANDED** to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami–Dade County, Florida.

3. The Clerk shall **CLOSE** this case.

4. All other pending motions are **DE-NIED as moot.**